# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

JOHN BORON, et al.,

                Plaintiffs,

                                      Case No.: 22-cv-00695-JLS

   v.

KEVIN P. BRUEN, et al.,

                Defendants.

───────────────────────────────────────

## **DECLARATION**

I, Brandon Combs, hereby declare under penalty of perjury, that the following information is true to the best of my knowledge and state the following:

1. I am over 18 years old. I am competent to give this declaration. I am providing this declaration based on my personal knowledge and experience.

2. I am the president of Firearms Policy Coalition, Inc., ("FPC"), a non-profit organization incorporated under the laws of Delaware with a primary place of business in Clark County, Nevada. In my role as president, I am familiar with FPC's purposes as an organization, FPC's membership, and FPC's organizational responses to S51001.

3. The purposes of FPC include defending and promoting Second Amendment rights, advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

4. FPC has members in and that visit the State of New York. FPC's members include individuals and gun owners who are not prohibited under state or federal law from possessing, receiving, owning, or purchasing a firearm or ammunition.

5. On July 1, 2022, the State enacted S51001, which implements expansive new criminal laws that ban the carry of firearms in so-called "sensitive locations" and establishes a presumption that private property in the State is a "restricted location[]" where carrying firearms is forbidden absent affirmative steps by the property owner to allow them.

6. After September 1, 2022, three of S51001's operative provisions—New York State Penal Law § 265.01-e(2)(d) (public parks), § 265.01-e(2)(n) (public transportation), and § 265.01-d (default anti-carry rule), with respect to places open to the public—as well as Defendants' regulations, policies, and enforcement practices implementing them, have barred FPC's members from carrying a firearm for self-defense in places that they previously carried in and would intend to keep carrying in, but for the enactment and enforcement of these provisions.

7. FPC, as an organization, has been directly injured by the enactment and enforcement of S51001. FPC has and continues to spend time and other resources, including financial, addressing and responding to the enactment and enforcement of S51001, which has consumed FPC's resources that would have been directed elsewhere.

8. FPC has incurred costs in legal fees analyzing how S51001 affects its members and time in preparing an informational memorandum for FPC's members in New York.

9. FPC has also designed and implemented a New York Hotline program, accessible to FPC's members and the public at https://www.firearmspolicy.org/nyhotline. With the New York Hotline, FPC is receiving and responding to questions and providing information to its New York members and the public. FPC will incur ongoing expenses to operate the Hotline, including

internal FPC staff time and expenses related to outside counsel who are contracted into the future to continue to assist with the Hotline.

10. FPC expects to continue to be required to expend additional resources addressing New York's laws affecting the right to keep and bear arms, including those enacted in S51001, unless and until New York's unconstitutional laws are enjoined.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of September, 2022.

_____
Brandon Combs
President
Firearms Policy Coalition, Inc.