UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN BORON, BRETT CHRISTIAN,
FIREARMS POLICY COALITION, INC.,
and SECOND AMENDMENT FOUDA-
TION,

                      Plaintiffs,    ANSWER WITH JURY TRIAL
                                        DEMAND

v.

KEVIN J. BRUEN, in his official capacity        **Case #: 1:22-cv-00695-JLS**
as Superintendent of the New York Police,
and JOHN J. FLYNN, in his official capa-
city as District Attorney for the County of
Erie, New York,

                      Defendants.

Defendant, JOHN J. FLYNN, in his official capacity as District Attorney for the County of Erie, New York (hereafter, "this Answering Defendant" or "Flynn"), by his attorney, Erie County Attorney JEREMY C. TOTH, ESQ. (Assistant Erie County Attorney Kenneth R. Kirby, Esq., of Counsel), as and for his Answer with Jury Trial Demand to the Plaintiffs' Complaint for Declaratory and Injunctive Relief, upon information and belief alleges:

## INTRODUCTION

1.    Lacks knowledge or information sufficient to form a belief as the truth or falsity of paragraphs 1-8 and objects that the said paragraphs require legal conclusions that this Answering Defendant is not required to make.

2.    As to the co-defendant, this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 9. As to Defendant Flynn, this Answering Defendant denies that he "threatens to infringe upon "the fundamental rights" of any of the Plaintiffs. Defendant, Flynn, objects that paragraph 9 is vague and ambiguous in that it fails to specify what "fundamental rights" the Defendants allegedly "threaten to infringe."

1

## PARTIES

3. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 10-17.

4. Admits the first, third, and fourth sentences of paragraph 18, but states that he lacks knowledge or information sufficient to form a belief as to the second sentence of paragraph 18 and objects that the said second sentence requires a legal conclusion that this Answering Defendant is not required to make.

## JURISDICTION AND VENUE

5. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 19-21 and objects that the said paragraphs require legal conclusions that this Answering Defendant is not required to make.

## FACTS AND ALLEGATION COMMON TO ALL CLAIMS

### *The Second Amendment*

6. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 22-29 and objects that the said paragraphs require legal conclusions that this Answering Defendant is not required to make.

7. As to the co-defendant, this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 30. As to Defendant Flynn, this Answering Defendant objects that the word "enforced" is vague and ambiguous and he, therefore, denies the said paragraph 30. Defendantt, Flynn, further objects that paragraph 30 require legal conclusions that this Answering Defendant is not required to make.

8. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 31-35 (including all sub-divisions of any of the foregoing numbered para-

2

graphs) and objects that the said paragraphs require legal conclusions that this Answering Defendant is not required to make.

### *The Challenged "Carry Provisions"*

9. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 36-40 (including all sub-divisions of any of the foregoing numbered paragraphs) and objects that the said paragraphs require legal conclusions that this Answering Defendant is not required to make.

### *The Carry Provisions' Effect on Plaintiffs*

10. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 41-46.

### COUNT ONE

### DEPRIVATION OF CIVIL RIGHTS
### RIGHT TO KEEP AND BEAR ARMS
### U.S. CONST., AMDS. Ii AND XIV
### (42 U.S.C. §1983)

11. Responding to paragraph 47, this Answering Defendant repeats and re-alleges his foregoing responses to paragraphs 1-46.

12. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 48-52 and objects that the said paragraphs require legal conclusions that this Answering Defendant is not required to make.

13. Denies, as to himself, paragraphs 53 and 54, and states, ss to the co-defendant, he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the said paragraphs 53 and 54.

## PRAYER FOR RELIEF

14. Denies that as against this Answering Defendant, Plaintiffs are entitled to any of the relief demanded in paragraphs numbered 1-4 of the Prayer for Relief.

## OMNIBUS DENIAL

15. Denies all allegations of the Complaint not heretofore responded to.

## DEFENSES:

### AS AND FOR A FIRST DEFENSE:

16  Service of process upon Defendant, Flynn, was insufficient.

### AS AND FOR SECOND DEFENSE:

17. Personal jurisdiction is lacking over Defendant, Flynn.

### AS AND FOR A THIRD DEFENSE:

18. Insofar as it is alleged by Plaintiffs (see ¶30, Complaint) and/or insofar as such is the circumstance, to the fullest extent that Defendant, Flynn, in his capacity as District Attorney for Erie County, is charged with and/or obligated to enforce the laws duly enacted into law by the New York State Legislature, and, in this instance, most particularly, Chapter 371 of the Year 2022 of the Laws of the State of New York, upon information and belief he acts as an agent of the State of New York and, hence, pursuant to the Eleventh Amendment to the United States Constitution, this Court lacks subject matter jurisdiction over the within action.

**AS AND FOR A FOURTH DEFENSE:**

19.　　Insofar as it is alleged by Plaintiffs (see ¶30, Complaint) and/or insofar as such isthe circumstance, to the fullest extent that Defendant, Flynn, in his capacity as District Attorney for Erie County, may be charged with and/or may be obligated to enforce the laws duly enacted by the New York State Legislature, and, in this instance, most specifcally, Chapter 371 of the Year 2022 of the Laws of the State of New York, upon information and belief he acts as an agent of the State of New York and or the People therof and, hence, pursuant to the Eleventh Amendment to the United States Constitution, this action cannot be maintained against him.

**AS AND FOR A FIFTH DEFENSE:**

20.　　The Plaintiffs have failed to join as defendants party(ies) who, or which, are indispensable to this action and/or in whose absence complete justice cannot be administered.

**AS AND FOR A SIXTH DEFENSE:**

21.　　The Plaintiffs have failed to join as defendants party(ies) who, or which, are indispensable to this action and/or who, or which, stand to be inequitably affected if the relief prayed for in the Plaintiffs' Prayer for Relief is granted.

**AS AND FOR A SEVENTH DEFENSE:**

22.　　Inasmuch as Defendant, Flynn, did not enact into law Chapter 371 of the Year 2022 of the Laws of the State of New York, all of the relief demanded in paragraphs 1-4 of the Prayer for Relief is improperly and inappropriately prayed for as against Defendant, Flynn. Hence, the relief demanded in each, or any, of the foregoing paragraphs of the Prayer for Relief cannot be granted as against Defendant, Flynn.

## AS AND FOR AN EIGHTH DEFENSE:

23. Inasmuch as Defendant, Flynn, did not enact into law Chapter 371 of the Year2022 of the Laws of the State of New York – the enactment into law of which by the New York State Legislature with New York Governor Hochul's approval the Plaintiffs complain, the Plaintiffs are not entitled, under 42 U.S.C. §1988 or any other provision of law, to an award of their costs and attorneys' fees, incurred by them in bringing this action" as against Defendant, Flynn, as such relief is prayed for in paragraph 3 of the Prayer for Relief.

## AS AND FOR A NINTH DEFENSE:

24. Insofar as the Complaint reasonably may, or might, be construed as asserting a claim not against Defendant, Flynn, but, rather or additionally, against the Erie County District Attorney's Office, it fails to state a claim upon which relief can be granted because the Erie County Sheriff's Office, being a mere department, office, or subdivision of the municipal corporation known as the County of Erie, is not a legal entity susceptible of being independently sued.

## AS AND FOR A TENTH DEFENSE:

25. Insofar as the Complaint reasonably may, or might, be construed as asserting a claim not only against Defendant, Garcia, but, rather or additionally, against either (i) the Erie County District Attorney's Office and/or (ii) persons employed within the Erie County District Attonrey's Office  (see, in this latter regard, ¶2, Praywe for Relief), it fails to state a claim upon which relief can be granted as against Defendant, Flynn, because Section 54 of the County Law of the State of New York provides as follows:

6

> *No head of any agency, department, bureau, or office of a county[1] shall be liable to respond in damages to the county or to any other person for any act or omission of any employee of the county employed within the agency, department, bureau, or office of which he is such head.* Any lawful claims which but for this section would be claims against such head of an agency, department, bureau, or office shall be lawful claims against the county and shall be deemed to the liability of the county. Nothing contained herein, however, shall be deemed to relieve the head of any agency, department, bureau, or office of liability to the county or to any other person for his own act or omission to act, nor be deemed to impose any new liability upon the county for any act or omission of such head of any agency, department, bureau, or office to which the county was not lawfully subject prior to the taking effect of this act.

(*Italics* supplied.)

### AS AND FOR AN ELFVENTH DEFENSE:

26.     Defendant, Flynn, is not a proper party defendant herein.

### AS AND FOR A TWELFTH DEFENSE:

27.     Plaintiffs have failed to join as parties-defendants parties which, or who, are indispensable parties to this action, to-wit, the State of New York, the New York Legislature, the enactor of the challenged legislation, and/or the Governor of the State of New York, Kathleen Hochul, who signed the challenged legislation into law, int the absence of which, or whom, (i) complete relief cannot be afforded as among the parties, and (ii) this action cannot proceed.

### AS AND FOR A THIRTEENTH DEFENSE:

28.     Paragraph 27 is re-alleged with the same full force and effect as if more fully set forth herein.

29.     Because, under the Eleventh Amendment to the United States Constitution, it is not feasible for the State of New York and/or the New York Legislature and/or New York

---

[1] Such as Defendant, Garcia, is.

7

Governor Hochul to be joined as parties-defendants, this action must be dismissed.

### AS AND FOR A FOURTEENTH DEFENSE:

29. In light of all of the foregoing, as against Defendant, Flynn, the Complaint fails to state a claim upon which relief can be granted, or, upon which injunctive relief against this Answering Defendant can be granted.

### AS AND FOR A FIFTEENTH DEFENSE:

30. Plaintiff, John Boron, lacks standing to bring the within action.

### AS AND FOR A SIXTEENTH DEFENSE;

31. Plaintiff, Brett Christian, lacks standing to bring the within action.

### AS AND FOR A SEVENTEENTH DEFENSE:

32. Plaintiff, Firearms Policy Coalition, Inc., lacks standing to bring the within action;

### AS AND FOR AN EIGHTEENTH DEFENSE:

33. Plaintiff, Second Amendment Foundation, lacks standing to bring the within action

### AS AND FOR A NINETEENTH DEFENSE:

31. The within action is barred by the Tenth Amendment to the United States Constitution.

### AS AND FOR A TWENTIETH DEFENSE:

32. The Complaint does not state a claim upon which a declaratory judgment may

properly be granted as against this Answering Defendant.

### AS AND FOR A TWENTY-FIRST DEFENSE:

33.     The Complaint does not state a claim upon which injunctive relief may properly be granted as against this Answering Defendant.

### AS AND FOR A TWENTY-SECOND DEFENSE:

31.     Inasmuch as this Answering Defendant, in his official capacity only, has been named as a party defendant herein because under the laws of the State of New York, he, as District Attorney for the County of Erie, *is obligated to prosecute infractions and/or violations of the laws duly enacted by the New York Legislature (including the law[s] which Plaintiffs seek to challenge) on behalf of and as an agent of the State of New York and/or The People of the State of New York*, the within action is barred by, and/or cannot be maintained as against him by reason of the provisions of the Eleventh Amendment to the United States Constitution.

### AS AND FOR A TWENTY-THIRD DEFENSE:

32.     The within action is, otherwise, barred by the Eleventh Amendment to the United States Constitution.

### AS AND FOR A TWENTY-FOURTH DEFENSE:

33.     This Court has not subject matter jurisdiction of the within action.

### AS AND FOR A TWENTY-FIFTH DEFENSE:

34.     Plaintiff, Firearms Policy Coalition, Inc., does not seek any legally cognizable damages, for which reason it is without standing to maintain this action.

9

## AS AND FOR A TWENTY-SIXTH DEFENSE

35. Plaintiff, Second Amendment Foundation, does not seek any legally cognizable damages, for which reason it is without standing to maintain this action.

## AS AND FOR A TWENTY-SEVENTH DEFENSE:

36. As against this Answering Defendant, this action was not properly commenced within the time limited by law.

## DEMAND FOR A JURY TRIAL OF ALL ISSUES

37. Defendant, Flynn, demands a jury trial of all issues herein.

**WHEREFORE**, Defendant, JOHN J. FLYNN, in his official capacity as District Attorney for Erie County, demands judgment dismissing the Amended Complaint as against him, together with the costs and disbursements of this action.

**DATED:** Buffalo, New York
September 29, 2022

**Yours, etc.,**

**JEREMY C. TOTH, ESQ.**
Erie County Attorney
Attorney for Defendant, JOHN J. FLYNN,
in his official capacity as District Attorney for Erie County
By: <u>Kenneth R. Kirby, Esq.</u>
KENNETH R. KIRBY, ESQ
Ass't. Erie Co. Att'y., of Counsel
<u>Office & P. O. Address</u>:
Erie County Department of Law
95 Franklin Street, Room 1634
Buffalo, New York 14202

10

Tel: (716)858-2226
Email: Kenneth.kirby@erie.gov

To: PHILLIPS LYTLE LLP
Nicolas J. Rotsko, Jr., of Counsel
Attorneys for Plaintiffs
Office & P. O. Address:
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Tel: (716)847-5467
Email: NRotsko@philipslytle.com

David H. Thompsoi, Esq., appearing *pro hac vice*
Peter A. Patterson, Esq., appearing *pro hac vice*
John W. Tienken, Esq., appearing *pro hac vice*
COOPER & KIRK, PLLC
Co-Attorneys for Plaintiffs
Office & P. O. Address
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202)220-9600
Email: dthompson@cooperirk.com
Email: ppaterson@cooperkirk.com
Email: jtienken@cooperkirk.com

: LATETIA JAMES, ESQ.
New York Attorney General
Kathleen M. Kaczor, Esq.
Assistant Attorney General, of Counsel
Attorneys for Co-defendant, KEVIN P. BRUEN,
in his official capacity as Superintendent of the
New York State Police
Office & P. O. Address:
New York State Attorney General
Buffalo Regional Office
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202-3750
Tel: (716)853-8485
Email: Kathleen.Kaczor@ag.ny.gov

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022 I electronically filed with the clerk of District Court using its CM/ECF system, and on the same date the court's CM/ECF system caused to be (electronically) served the foregoing to the following CM/ECF participants at the following (email) addresses:

LATETIA JAMES, ESQ.
New York Attorney General
Kathleen M. Kaczor, Esq.
Assistant Attorney General, of Counsel
Attorneys for Co-defendant, KEVIN P. BRUEN, in his official capacity as
Superintendent of the New York State Police
Office & P. O. Address:
New York State Attorney General
Buffalo Regional Office
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202-3750Tel: (716)853-8485
Email: Kathleen.Kaczor@ag.ny.gov

PHILLIPS LYTLE LLP
Nicolas J. Rotsko, Jr., of Counsel
Attorneys for Plaintiffs
Office & P. O. Address:
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Tel: (716)847-5467
Email: NRotsko@philipslytle.com

David H. Thompson, Esq., appearing *pro hac vice*
Peter A. Patterson, Esq., appearing *pro hac vice*
John W. Tienken, Esq., appearing *pro hac vice*
COOPER & KIRK, PLLC
Co-Attorneys for Plaintiff
Office & P. O. Address
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202)220-9600
Email: dthompson@cooperkirk.com
Email: ppaterson@cooperkirk.com
Email: jtienken@cooperkirk.com

**Dated**:　　　Buffalo, New York
　　　　　　　　September 29, 2022　　　　**Yours, etc.**,

**JEREMY C. TOTH, ESQ**.
Erie County Attorney
Attorney for Defendant, JOHN J.
FLYNN, in his official capacity as District
Attorney for Erie County

By:<u>Kenneth R. Kirby, Esq</u>.
KENNETH R. KIRBY, ESQ
Ass't. Erie Co. Att'y., of Counsel
<u>Office & P. O. Address</u>:
Erie County Department of Law
95 Franklin Street, Room 1634
Buffalo, New York 14202
Tel: (716)858-2226
Email: Kenneth.kirby@erie.gov