

**Phillips Lytle LLP**

**Via E-mail**

Hon. John L. Sinatra, Jr.                                                       October 7, 2022
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202-3350

Re:    *Christian et al. v. Bruen et al.;* Case No. 1:22-cv-00695-JLS:
        Status report re Temporary Restraining Order in *Antonyuk v. Hochul*

Dear Judge Sinatra:

We write to inform you of a Temporary Restraining Order ("TRO") issued yesterday by Judge Suddaby in *Antonyuk et al. v. Hochul et al.*, Case No. 1:22-cv-00986-GTS-CFH (N.D.N.Y.). Enclosed herewith is a courtesy copy of the decision (Dkt. No. 27).

Among other things, the TRO temporarily enjoins enforcement of the three provisions of the Concealed Carry Improvement Act ("CCIA") at issue here (with one limited exception discussed below). *Id.* at 37, 43-46.

Judge Suddaby first addressed the prohibition on concealed carry on public transportation. *Id.* at 37. He found no historical analogues demonstrating that this restriction is consistent with tradition. *Id.* By contrast, Judge Suddaby found evidence that historically, travel was a common exception to restrictions on concealed carry, *id.* at n.34, and therefore enjoined enforcement of the public transportation provision.

Second, Judge Suddaby enjoined enforcement of the CCIA's prohibition on concealed carry in public parks. *Id.* at 43. He noted the "lack of historical analogues supporting" this restriction, and observed that the U.S. Supreme Court had considered and rejected New York State's rationale for deeming public parks to be "sensitive locations." *Id.* at 44.

Third, Judge Suddaby enjoined enforcement of the CCIA's "restricted locations" provision, with the limited exception of "fenced-in farmland" and "fenced-in hunting

Hon. John L. Sinatra, Jr. October 7, 2022

Page 2

grounds." *Id.* at 45-46.  Judge Suddaby found no historical analogues supporting the broader "restricted locations" provision.  *Id.*

In addition, Judge Suddaby concluded that seven days afforded a "reasonable opportunity" for the State Defendants to "adduce historical analogues or expert testimony," *id.* at 12, in stark contrast to the State's request.  Indeed, given that Defendant Flynn is not a party to and therefore not bound by *Antonyuk*, Judge Suddaby's decision reinforces the need for prompt proceedings here.

Respectfully submitted,

Phillips Lytle LLP

By /s/ Nicolas J. Rotsko

Nicolas J. Rotsko

Enclosure/ Doc #10710956
cc:    Kenneth Kirby; Ryan Belka; David Thompson; Peter Patterson; John Tienken (via e-mail)