UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRETT CHRISTIAN, FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION

                        Plaintiffs,

v.

STEVEN A. NIGRELLI, in his official capacity as Superintendent of the New York State Police, and JOHN J. FLYNN, in his official capacity as District Attorney for the County of Erie,

                        Defendants.

No. 22-cv-00695 (JLS)

## DECLARATION OF RYAN L. BELKA

RYAN L. BELKA, declares under penalty of perjury that the following is true and correct:

1. I am an Assistant Attorney General, of counsel to Letitia James, New York State Attorney General, counsel for defendant Steven A. Nigrelli (Defendant).

2. I make this declaration in support of Defendant's motion for page enlargement for Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction in compliance with Local Rule 7(a)(2)(C).

**Page Limit**

3. Plaintiff's Motion for Preliminary Injunction is a 127 page filing that includes a Notice of Motion [ECF No. 19] (3 pages), a Memorandum of Law in Support of Their Motion for a Preliminary Injunction [ECF No. 19-1] (30 pages), a Declaration of John W. Tienken [ECF No. 19-2] (5 pages), a Complaint for Declaratory and Injunctive Relief [ECF No. 19-3] (32 pages), a Declaration of Brett Christian [ECF No. 19-4] (5 pages), a Declaration of Brandon

1

Combs [ECF No. 19-5] (4 pages), a Declaration of Alan M. Gottlieb [ECF No. 19-6] (4 pages), an Opinion in the Circuit Court for the City of Winchester [Virginia] (42 pages), and a Proposed Order [ECF No. 19-7] (2 pages).

4. Plaintiff's request for a preliminary injunction involves a number of novel legal theories in a case of first impression in a rapidly evolving legal landscape post-*Bruen*.

5. Defendant has attempted to craft a complete, yet concise, Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction.

6. However, it has become apparent that Defendant's opposition papers will need more than twenty-five pages to provide the court with their complete argument.

7. Importantly, the second part of the *Bruen* test requires Defendants to scour the historical record and provide historical analogies to the challenged provisions of the Concealed Carry Improvement Act (CCIA).

8. Here, Plaintiffs' challenge three separate sections of the CCIA (e.g. private property, parks and transportation) and three separate rebuttals are required.

9. This historical research takes time to conduct and many pages to present as argument.

10. As a result, Defendant Nigrelli requests the page limit for his Memorandum of Law be enlarged from twenty-five (25) pages to forty (40) pages. *See*, Local Rule 7 (a)(2)(C).

11. Such an enlargement will allow Defendants to fully address the legal and factual arguments made in Plaintiff's Preliminary Injunction Motion.

12. Defendant sought and received Plaintiffs' consent to the proposed page enlargement, as indicated in this motion.[1]

13. While this request is made less than seven (7) days before the date on which the memorandum must be filed (Defendant's Opposition is due on November 4, 2022 [ECF No. 26]), the parties have concurrent litigation, *Hardaway, et al. v. Nigrelli, et al.,* 22-cv-771 (W.D.N.Y.) (J. Sinatra), which was filed and heard on an expedited schedule during the pendency of the *Christian* briefing period (*Hardaway* TRO Motion filed on October 14, 2022; Opposition papers filed on October 18, 2022; Reply papers filed on October 19, 2022; TRO argument on October 20, 2022; PI Opposition filed on October 28, 2022; and argument on the *Hardaway* preliminary injunction is set to be heard on November 3, 2022).

14. As such, and given that counsel is assigned to both cases, briefing in *Christian* took a backseat to briefing in *Hardaway* – and only recently did counsel determine that the page limit would necessarily be exceeded to complete his argument in *Christian.*

15. Moreover, because this case is one of first impression and of particular interest in terms of subject matter and potential policy outcomes, the additional pages will allow Defendant to preserve arguments in the event of an appeal.

16. As such, Defendants respectfully request that the page limit be increased from twenty-five (25) pages to forty (40) pages with some flexibility pursuant to the reciprocal consent agreement between the parties. *See*, n. 1.

---

[1] Plaintiffs' consent is premised on proportional reciprocal consent to a potentially enlarged reply brief. For example, if Defendant's opposition is 40 pages, Defendants' consent to an enlarged reply brief of 16 pages.

17. In light of the above, the Defendant Nigrelli respectfully requests that the Court enlarge the page limit for Defendants' Memorandum of Law in Opposition to Plaintiff's Preliminary Injunction Motion.

Dated: Buffalo, New York
       November 1, 2022

/s/ Ryan L. Belka
RYAN L. BELKA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRETT CHRISTIAN, FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>STEVEN A. NIGRELLI, in his official capacity as Superintendent of the New York State Police, and JOHN J. FLYNN, in his official capacity as District Attorney for the County of Erie,<br><br>　　　　　　　　　　　　　　　Defendants. | No. 22-cv-00695 (JLS) |

**CERTIFICATE OF SERVICE**

　　　I hereby certify that on November 1, 2022, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.


Dated: Buffalo, New York
　　　November 1, 2022

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Nigrelli
BY:
*s/ Ryan L. Belka*
RYAN L. BELKA
Assistant Attorney General,
of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
(716) 853-8440
Ryan.Belka@ag.ny.gov

5