**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

BRETT CHRISTIAN, FIREARMS POLICY
COALITION, INC., and SECOND AMENDMENT
FOUNDATION,

                              *Plaintiffs*,

        v.

STEVEN A. NIGRELLI, in his official capacity as
Superintendent of the New York State Police, and
JOHN J. FLYNN, in his official capacity as District
Attorney of the County of Erie, New York,

                              *Defendants.*

Civil Action No.
1:22-cv-00695-JLS

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF EVERYTOWN FOR GUN SAFETY FOR LEAVE TO FILE AMICUS BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

William J. Taylor, Jr.
Everytown Law
450 Lexington Avenue, #4184
New York, NY 10017
wtaylor@everytown.org
(646) 324-8215
*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

## TABLE OF CONTENTS

INTEREST OF AMICUS CURIAE ................................................................................................ 1

ARGUMENT ................................................................................................................................... 2

CONCLUSION ................................................................................................................................ 4

# TABLE OF AUTHORITIES

## Cases

*Andersen v. Leavitt*,
  No. 2:03-cv-6115, 2007 WL 2343672 (E.D.N.Y. Aug. 13, 2007) ........................................ 3, 4

*Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*,
  910 F.3d 106 (3d Cir. 2018) .................................................................................................. 2

*Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*,
  471 F. Supp. 2d 295 (W.D.N.Y. 2007), *amended on reconsideration*
  *in part*, No. 1:06-cv-00001, 2007 WL 1200473 (Apr. 20, 2007) ......................................... 2

*Goldstein v. Hochul*,
  No. 1:22-cv-08300 (S.D.N.Y. Oct. 19, 2022), Dkt. 44 ......................................................... 4

*Hardaway v. Nigrelli*,
  No. 1:22-cv-00771-JLS (W.D.N.Y. Oct. 29, 2022), Dkt. 46.................................................. 4

*Hart v. Town of Guilderland*,
  No. 1:20-cv-00475, 2020 WL 8411581 (N.D.N.Y. July 28, 2020) ........................................ 4

*Leslie v. Starbucks Corp.*,
  No. 1:22-cv-00478-JLS, 2022 WL 5434278 (W.D.N.Y. Oct. 7, 2022) ............................... 2-3

*New York State Rifle & Pistol Ass'n v. Bruen*,
  142 S. Ct. 2111 (2022) .......................................................................................................... 3

*Rehaif v. United States*,
  139 S. Ct. 2191 (2019) .......................................................................................................... 2

*Rupp v. Becerra*,
  401 F. Supp. 3d 978 (C.D. Cal. 2019), *vacated and remanded*,
  No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022) .................................................. 2

*Teter v. Connors*,
  460 F. Supp. 3d 989 (D. Haw. 2020), *appeal docketed*,
  No. 20-15948 (9th Cir. May 19, 2020) ................................................................................. 2

## Other Authorities

Fed. R. App. P. 29(a)(6)............................................................................................................. 4

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully submits this memorandum of law in support of its motion for leave to file an amicus curiae brief in the above-captioned action in opposition to Plaintiffs' motion for a preliminary injunction and in support of the State's opposition to Plaintiffs' motion. Everytown submits its proposed amicus brief as Exhibit A to the accompanying Declaration of William J. Taylor, Jr. ("Taylor Decl.").

The State takes no  position on Everytown's motion for leave. Defendant Flynn has no objection to the motion. And Plaintiffs also do not object to the motion. *See* Taylor Decl. ¶¶ 7-9.[1]

## INTEREST OF AMICUS CURIAE

Everytown is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including over 650,000 in New York. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. The mayors of 40 cities, towns, and other localities in New York are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise

---

[1] Plaintiffs have stated that they do not object to Everytown's motion if (i) the motion and proposed amicus brief are filed by today and (ii) Everytown's brief is no more than 20 pages—conditions that this submission has met. *Id.* ¶ 9.

to file more than 50 amicus briefs in Second Amendment and other firearms cases, including in this Court and in other challenges to New York's Concealed Carry Improvement Act, the same law at issue in this action, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. *See, e.g.*, *Hardaway v. Nigrelli*, 1:22-cv-00771-JLS (W.D.N.Y. Oct. 29, 2022), Dkt. 47; *Goldstein v. Hochul*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 20, 2022), Dkt. 46; *Antonyuk v. Hochul* (*Antonyuk II*), No. 1:22-cv-00986 (N.D.N.Y. Oct. 19, 2022), Dkt. 63; *Miller v. Smith*, No. 22-1482 (7th Cir. Oct. 13, 2022), Dkt. 42.

Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92, 992 n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11, 2210 n.4, 2211 n.7 (2019) (Alito, J., dissenting).

## ARGUMENT

"A district court has broad discretion to grant or deny an appearance as amicus curiae …." *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007), *amended on reconsideration in part*, No. 1:06-cv-00001, 2007 WL 1200473 (Apr. 20, 2007). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Id.* (quoting *Onondaga Indian Nation v. New York*, No. 5:97-cv-00445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)); *see also Leslie v. Starbucks Corp.*, No. 1:22-cv-00478-JLS, 2022 WL 5434278, at *3-4 (W.D.N.Y. Oct. 7, 2022) (denying intervention but, crediting movant's submission that it "can provide perspective on the legal issues that may assist the Court in resolving the petition, different from what the parties are

able to provide," granting leave to file amicus brief); *Andersen v. Leavitt*, No. 2:03-cv-6115, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) ("A court may grant leave to appear as an amicus if the information offered is 'timely and useful,'" and a "court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest" (citations and quotation marks omitted)).

Everytown respectfully submits that the proposed amicus brief would offer helpful insight to the Court regarding four points relevant to this case. *First*, Everytown's proposed brief demonstrates that Plaintiffs have not met their burden at the initial, textual inquiry of the Second Amendment framework established by *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), to show that the Amendment's plain text would cover their "proposed course of conduct" as it relates to the laws they challenge, i.e., carrying firearms within the State's public parks, in its crowded public-transit systems, and on the private property of others. *Second*, Everytown's proposed brief addresses an important question regarding historical analysis after *Bruen*—that is, whether the analysis should focus on the public understanding of the right to keep and bear arms in 1791, when the Second Amendment was ratified, or 1868, when the Fourteenth Amendment made it applicable to the states. *Bruen* identified, but did not resolve, that question. *See id.* at 2137-38. Everytown's proposed brief explains that 1868 is the correct focus and that sources in the period after 1868 are also critical to the historical analysis. *Third*, Everytown's proposed brief explains that, particularly in light of *Bruen*'s discussion of the historical laws justifying sensitive places, *see id.* at 2133, even a small number of laws can be sufficient to establish this nation's tradition of firearm regulation. *Fourth*, Everytown's proposed brief explains that Plaintiffs' efforts to defeat the historical record here rest on numerous mistaken premises. Everytown respectfully submits that the explication of these points in the attached amicus brief

would assist the Court's decision-making. *Cf. Hardaway*, No. 1:22-cv-00771-JLS (W.D.N.Y. Oct. 29, 2022), Dkt. 46; *Goldstein*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 19, 2022), Dkt. 44.

This motion is timely by analogy to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). Everytown is filing this motion seven days after the principal brief of the party it is supporting and seven days before the deadline for Plaintiffs' reply papers. Accordingly, granting this motion would not cause any delays to the litigation. *See, e.g.*, *Andersen*, 2007 WL 2343672 at *5-6 (granting motion for leave to file amicus brief submitted five months after summary judgment was fully briefed, concluding that granting the motion "will not cause *unnecessary* delay"); *Hart v. Town of Guilderland*, No. 1:20-cv-00475, 2020 WL 8411581, at *1 (N.D.N.Y. July 28, 2020) ("[T]he proposed *amicus* brief is timely because the filing has already been provided to the Court and consideration of the filing would not result in delays to the litigation.").

## CONCLUSION

Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief attached to the accompanying Declaration as Exhibit A.

Dated: November 11, 2022                    Respectfully submitted,

                                            /s/ William J. Taylor, Jr.
                                            William J. Taylor, Jr.
                                            Everytown Law
                                            450 Lexington Avenue, #4184
                                            New York, NY 10017
                                            wtaylor@everytown.org
                                            (646) 324-8215
                                            *Counsel for Amicus Curiae*
                                            *Everytown for Gun Safety*