UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRETT CHRISTIAN, FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION

                              Plaintiffs,

v.

STEVEN A. NIGRELLI, in his official capacity as Superintendent of the New York State Police, and JOHN J. FLYNN, in his official capacity as District Attorney for the County of Erie,

                              Defendants.

No. 22-cv-00695 (JLS)

## STATE'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

LETITIA JAMES
Attorney General
State of New York
350 Main Place, Suite 300A
Buffalo, New York 14202

Ryan L. Belka
James M. Thompson
Assistant Attorneys General
Of Counsel

i

On November 22, 2022 this court ordered "supplemental briefing from the parties specific to irreparable harm as to public parks and transportation." [ECF No. 48] Notably, during oral argument this court identified *Molloy, et al. v. Metropolitan Transportation Authority*, 94 F.2d 808, 813 (2d Cir. 1996) as establishing controlling precedent that when alternatives are present, even when such alternatives are less convenient or more costly, extra inconvenience cannot rise to the level of irreparable harm. *See also, Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) (noting injuries such as expenditures of money, time, and energy, are not enough to warrant preliminary injunction.) The *Molloy* case constitutes binding precedent, on Plaintiff's parks and transportation claims, such that he cannot, in the face of the alternatives that he testified were available to him, establish irreparable harm to warrant the issuance of a preliminary injunction.[1] *Molloy* and its progeny remain good law in the Second Circuit, and are regularly cited by district courts denying injunctive relief where adequate alternatives are available. *See, e.g., Convergen Energy WI, LLC v. L'Anse Warden Elec. Co.,* LLC, 202 WL 5894079, at *5 (S.D.N.Y. Oct. 5, 2020); *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17 Civ. 4570, 2017 WL 3727230, at *6 (S.D.N.Y. Aug. 11, 2017).

In the Second Circuit, the "presumption of irreparable harm arising from a constitutional deprivation is not automatic." *Joglo Realties, Inc. v. Seggos*, 2016 WL 4491409, at *16 (E.D.N.Y. Aug. 24, 2016). Instead, the Second Circuit has held that it "often will be more appropriate to" consider the nature and extent of the alleged injuries to the plaintiff absent injunctive relief. *Time Warner Cable v. Bloomberg L.P.*, 118 F.3d 917, 924 (2d Cir. 1997). Thus, the alleged violations

---

[1] While this memorandum primarily addresses the interplay between 'alternatives' and irreparable harm, the State's argument that Plaintiff has not suffered irreparable harm sufficient to warrant the grant of a preliminary injunction is more comprehensive. *See* [ECF Nos. 33-35] at III. and [ECF No. 47] *generally*.

1

of Plaintiffs' constitutional rights, by themselves, are not sufficient to show irreparable harm. Plaintiffs' hypothesized potential harms do not satisfy this requirement.

More specifically, Plaintiff's occasional public travel, which is identified as for convenience, is clearly not his only means of transportation 'downtown' and, thus, is insufficient to establish irreparable harm. *See* [ECF No. 19-4] ¶ 9 (Plaintiff would use the Metro Rail only "when traffic or events downtown made driving impractical"); Christian Dep. 40:17-23, 42:1-6; 42:7-12; 42:13-18; 43:22-24; and 49:15-52:4 (establishing that Plaintiff owns a mechanically sound 2023 Honda HR-V that he can, and sometimes does, drive downtown.) Plaintiff's deposition clarified that he chooses public transportation, instead of driving downtown, as a matter of convenience [ECF No. 47] at n.1, Christian Dep. 53:24-54:10 (i.e. "it's simply a matter of this is faster and easier.  I don't have to worry and deal with the hassle of [parking].").[2] Matters of convenience, as testified to by Plaintiff, do not establish irreparable harm worthy of a preliminary injunction. *Local 553, Transport Workers Union of America, AFL-CIO v. Eastern Air Lines, Inc.*, 695 F.2d 668, 677 (2d Cir. 1982) (Personal inconvenience is not the irreparable harm that warrants preliminary injunctive relief.).

As to parks, Plaintiff's declaration in support his motion for preliminary injunction intentionally omitted the specific local parks he claimed he could no longer visit due to the restrictions of the CCIA.  Christian Dep., 84:16-85:6.  When pressed at his deposition, along with the Adirondack Park, "local parks" or "hiking on trials in largely wooded and marshy areas" were "primarily" in reference to two parks, a bike path and a trail near his home.[3] Christian Dep., 84:16-

---

[2] Plaintiff's testimony is often inconsistent, as he drove downtown, unarmed, for his deposition. Among other things, his testimony clearly demonstrates the extent to which Plaintiff seeks to remain obtuse to any reasonable solution presented to him. Christian Dep., 49:15-52:4.
[3] Of the specific "parks" identified by Plaintiff, only Stiglmeier Park and Harris Hill State Forest

89:17.  Here, Plaintiff's testimony establishes alternatives to local parks in bike paths, trails and the Adirondack Park, all of which Plaintiff himself identifies as park-like areas he would like to carry in but erroneously believes that he cannot.  *Id; see also* Christian Dep., 30:17-31:17, 78:25-81:20, and 84:3-9. While the Clarence bike path and the Shoreline Trail are bisected by parks encompassed by the CCIA's provisions, Plaintiff can easily avoid those park areas and continue his planned recreation with minor inconvenience. Further, Plaintiff's ability to continue to access the Clarence bike path, the Shoreline Trail and the Adirondacks Park, as well as those out-of-state parks identified by the Court at oral argument, establish alternatives such that Plaintiff's evidence cannot rise to the level of irreparable harm.  *Demirayak v. City of New York*, 76 Fed. App'x. 49, 51-52 (2d Cir. 2018) (only when Plaintiff establishes no available alternative is proof sufficient to show actual and imminent harm). Moreover, matters of convenience, as testified to by Plaintiff, do not establish irreparable harm worthy of a preliminary injunction.  *Local 553, Transport Workers Union of America, AFL-CIO v. Eastern Air Lines, Inc.*, 695 F.2d 668, 677 (2d Cir. 1982) (Personal inconvenience is not the irreparable harm that warrants preliminary injunctive relief.)

When alternatives are established, as have been here, irreparable harm cannot be demonstrated.  *Molloy, et al. v. Metropolitan Transportation Authority*, 94 F.2d 808, 813 (2d Cir. 1996) (Blind passengers required to receive tickets in the mail or purchasing them at a premium were suitable alternatives that undermined any claim of irreparable harm); *Local 553, Transport Workers Union of America, AFL-CIO v. Eastern Air Lines, Inc.*, 695 F.2d 668, 677 (2d Cir. 1982) (The inconvenience of union members being unable to fly to South America or other preferred routs was not irreparable harm in the face of alternatives); and, *Demirayak v. City of New York*, 76

---

'area' are clearly encompassed by the CCIA, whereas the Clarence bike path, the Shoreline Trial and Adirondack Park are not clearly encompassed by the CCIA, either in whole or in part.

3

Fed. Appx. 49, 51-52 (2d Cir. 2018) (Inaccessibility of bathrooms could not establish irreparable harm when other, albeit less convenient, bathrooms remained available). Such precedent is well established, dispositive and binding on this court. *Id, see also* (e.g. *Convergen Energy WI, LLC v. L'Anse Warden Electric Company, LLC*, 2020 WL 5894079, *5 (S.D.N.Y. October 5, 2020) ([I]rreparable harm does not exit where alternatives are available to a movant, even if these alternatives are less convenient.); *Hassan v. Slater*, 41 .Supp.2d 343, 348-49 (E.D.N.Y. 1999) (A blind and disabled commuter required to walk four additional miles to use an accessible train station was an acceptable alternative such that the extra inconvenience did not rise to the level of irreparable harm.); *Bernardino v. Barnes & Noble Booksellers, Inc.*, 2017 WL 3727230, *6 (S.D.N.Y. August 11, 2017) (Irreparable harm does not exist where "alternatives" – such as purchasing… from another source – "are available to a plaintiff to avoid the alleged harm" – even if "these alternatives are less convenient."); *Glendora v. Malone*, 101 F.3d 1393, *2 (2d Cir. 1996)(unpublished) ([F]or purposes of injunctive relief, it does not appear that [Plaintiff] is under threat of irreparable harm.); *Arbitron Co. v. Phoenix Broadcasting Corp*, 1997 WL 452020, *5 (S.D.N.Y. August 6, 1997) ([N]o explanation why these alternatives would not ameliorate or eliminate the irreparable harm it claims it will suffer from delisting.); *Paulino v. Menifee*, 2001 WL 243207, *2 (S.D.N.Y. March 9, 2001) (Letter writing and sending messages though other visiting family member are alternate means of communication available… and without proof that these alternate avenues of communication are inadequate… irreparable harm cannot be established.); *Vermont Coalition for Community Schools, Inc.*, *v. Harwood Unified Union School District*, 2020 WL 502889, *3 (D. Vt. January 31, 2020) (voting opportunities at other meetings and by other procedures were determined to be alternatives which undermine claims of irreparable harm).

The reasonable alternatives testified to by Plaintiff demonstrate that he cannot establish irreparable harm in his parks and transportation challenges. As such, and in conjunction with Defendant's Memorandum in Opposition, the Declaration of Ryan L. Belka, Esq., the Declaration of Dr. Brennan Rivas, the Declaration of David J. State, Esq. and Defendant's Sur-Reply [ECF Nos. 33-35, 47], Defendants request Plaintiffs' motion for a preliminary injunction be denied as to Plaintiff's parks and transportation challenges.

Dated: Buffalo, New York
December 2, 2022

        LETITIA JAMES
        Attorney General
        State of New York

        By: /s/ Ryan L. Belka
        RYAN L. BELKA
        JAMES M. THOMPSON
        Assistant Attorneys General
        350 Main Place, Suite 300A
        Buffalo, NY 14202
        (716) 853-8440
        Ryan.Belka@ag.ny.gov