UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

BRETT CHRISTIAN, *et al.*,

       *Plaintiffs*,

v.

DOMINICK L. CHIUMENTO, *et al.*,

       *Defendants*.

No. 1:22-cv-695-JLS

## **PLAINTIFFS' L.R. 56.1(a)(2) STATEMENT OF UNDISPUTED MATERIAL FACTS**

    In support of their contemporaneously filed motion for summary judgment, Plaintiffs Brett Christian, Firearms Policy Coalition, Inc., and the Second Amendment Foundation respectfully submit that the following facts are undisputed.[1]

    1.    Plaintiff Brett Christian is a citizen of the United States and a resident and citizen of New York, currently residing in Cheektowaga. Decl. of Brett Christian ¶ 2 (Sept. 26, 2022), Ex A.

    2.    Plaintiff Brett Christian is a law-abiding citizen of New York licensed to carry a firearm. Ex. A ¶¶ 3–4.

    3.    Plaintiff Christian previously carried in public parks and in places affected by the no-carry default that were open to the public. Ex. A ¶¶ 6–7.

---

[1] Other than those facts which relate to Plaintiff Christian's standing, all of the facts herein are so-called "legislative facts" which are not concerned with the particular facts of the parties but are rather generalized facts about the world. FED. R. EVID. 201, Advisory Committee's Note to subdivision (a) of 1972 proposed rules; *see United States v. Hernandez-Fundora*, 58 F.3d 802, 811 (2d Cir. 1995). This Court's review of legislative facts is unrestricted.

1

4. Specifically, Plaintiff Christian carried a firearm for self-defense "while walking in local parks or when hiking on trails in largely wooded and marshy areas a few times each month." Ex. A ¶ 7.

5. The local parks he frequented when he could conceal carry include Stiglmeier Park in Cheektowaga, parts of the Clarence Bike Path, and the Shoreline Trail. Dep. of Brett Christian at 85:9–86:4 (Nov. 16, 2022), Ex. B.

6. Plaintiff Christian hiked in Stiglmeier Park while carrying his pistol two to three times per month during the period after he obtained his concealed carry license through September 1, 2022. Ex. B at 122:25–123:12.

7. After S51001 went into effect on September 1, Plaintiff Christian stopped hiking in Stiglmeier Park because he could no longer carry a firearm for self-defense. Ex. B at 123:13–25.

8. Plaintiff Christian would like to resume his previous practice of hiking two to three times per month in Stiglmeier Park if he can again carry concealed there. Ex. B at 124:9–19.

9. Plaintiff Christian also hiked about once a month on trails outside of Erie County, including in the Harris Hill State Forest area, when he could carry concealed. Ex. B at 88:25–89:22, 127:23–128:12.

10. Plaintiff Christian would like to resume his previous practice of hiking once a month in the Harris Hill State Forest area if he can again carry concealed there. Ex. B at 128:21–25.

11. Many of the public parks where Plaintiff Christian carried and/or intends to carry, including the Harris Hill State Forest, are in non-urban areas removed from any public safety response. Ex. A ¶ 7; Ex. B at 126:16–24.

12. Because Plaintiff Christian is aware that a violent rapist attacked women on Clarence Bike Path in the past, he does not hike there without a firearm. Ex. B at 126:12–24.

13. Plaintiff Christian has also encountered aggressive wild turkeys while on the Clarence Bike Path and in Stiglmeier Park. Ex. B. at 126:25–127:6.

14. Plaintiff Christian also typically carried his firearm for self-defense on private property open to the public prior to the enactment of S51001. Ex. A ¶ 10.

15. Plaintiff Christian typically carried a firearm with him on weekly visits to gas stations and hardware stores, among other locations. Ex. A ¶ 10.

16. The gas stations Plaintiff Christian frequents include Delta Sonic and other name brand gas stations. Ex. B at 94:12–95:2.

17. The hardware store Plaintiff Christian frequents is called Valu and is located within minutes of where he lives. Ex. B at 95:3–19.

18. The Valu hardware store Plaintiff Christian frequents has not posted conspicuous signage informing patrons that concealed carry is allowed, so Plaintiff Christian cannot carry there. Ex. B at 95:20–24, 96:20–25.

19. When Plaintiff Christian inquired whether carry is allowed at that Valu location, the cashier did not provide an answer and the corporate representative said that the store defers to state and local law enforcement. Ex. B at 95:25–96:5, 96:16–19.

20. Locations throughout Plaintiff Christian's community have failed to post conspicuous signage informing patrons that carry is permitted. Ex A ¶ 10.

21. The State's presumptive designation of private property open to the public as a "restricted location" burdens Plaintiff Christian when he drives or runs errands because he is

unable to take any bathroom breaks, pick up food, or get gas if he is carrying his firearm for self-defense. Ex. A ¶ 11.

22. The presumptive designation of private property open to the public causes Plaintiff Christian to stop carrying, disable, and store his firearm before he gets close to private businesses open to the public because he must first see if clear signage that carry is permitted exists. Ex. A ¶ 11.

23. Plaintiff Christian would continue carrying in public parks and in places affected by the no-carry default that are open to the public but for the enactment and enforcement of S51001. Ex. A ¶ 6.

24. Plaintiff Christian has only carried in public for self-defense three times since the carry ban was enacted, because the law makes it virtually impossible for him to do so. Ex. B at 130:19–23, 138:15–139:6.

25. The enactment and enforcement of S51001 renders Plaintiff Christian defenseless and his personal safety is diminished on a frequent and ongoing basis. Ex. A ¶ 12.

Dated:  March 1, 2024                                          Respectfully submitted,

                                                                 /s/ David H. Thompson
                                                               *Attorney for Plaintiffs*

David H. Thompson                                              Nicolas J. Rotsko
Peter A. Patterson                                             FLUET
COOPER & KIRK, PLLC                                            1751 Pinnacle Drive, Suite 1000
1523 New Hampshire Avenue, N.W.                                Tysons, VA 22102
Washington, D.C. 20036                                         (703) 590-1234 x 210
(202) 220-9600                                                 (703) 590-0366 (fax)
(202) 220-9601 (fax)                                           nrotsko@fluet.law
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 1, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                /s/ David H. Thompson

                David H. Thompson