UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRETT CHRISTIAN, FIREARMS POLICY COALITION,
INC., and  SECOND AMENDMENT FOUNDATION

                                            Plaintiffs,

             v.

STEVEN G. JAMES, in his official capacity as              No. 22-cv-00695 (JLS)
Superintendent of the New York State Police, and JOHN J.
FLYNN, in his official capacity as District Attorney for the
County of Erie,

                                            Defendants.

## DECLARATION OF RYAN L. BELKA

        RYAN L. BELKA, declares under penalty of perjury that the following is true and

correct:

        1.      I am an Assistant Attorney General, of counsel to Letitia James, New York State

Attorney General, and with my co-counsel James Thompson, I represent Defendant Steven G.

James, in his official capacity as Superintendent of the New York State Police ("Superintendent

James"), in this action.

        2.      I make this declaration in support of the State's Memorandum of Law in

Opposition to Plaintiff's Motion for Summary Judgment and in Support of its Cross-Motion for

Summary Judgment.

*Private Property*

        3.      Attached as **Exhibit 1** is an excerpt from the 1715 Session Laws of Maryland

containing an April, 1715 "Act for the speedy trial of criminals, and ascertaining their punishment

in the county courts when prosecuted there, and for the payment of fees due from criminal persons"

criminalizing, in pertinent part, ""if any person or persons whatsoever, that have been convicted of [certain crimes], or other crimes, or that shall be of evil fame, or a vagrant, or dissolute liver, that shall shoot, kill or hunt, or be seen to carry a gun, upon any person's land, whereon there shall be a seated plantation, without the owner's leave, having been once before warned, shall forfeit and pay one thousand pounds of tobacco . . . ."  1715 Md. Laws 90

4.      Attached as **Exhibit 2** is an excerpt from 3 The Statutes at Large of Pennsylvania from 1682 to 1801 (James T. Mitchell, et al., eds.), containing an August 26, 1721 "Act to prevent the killing of deer out of season, and against carrying of guns or hunting by persons not qualified.  James T. Mitchell et al., Statutes at Large of Pennsylvania from 1682 to 1801 vol III, p. 254-55 (Clarence M. Busch, Printer, 1896).

5.      Lesser penalties were provided for "any person whatsoever who is not owner of fifty acres of land and otherwise qualified [to vote for Pennsylvania Assembly]" who "shall . . . carry any gun, or hunt in the woods or unenclosed lands, without license or permission obtained from the owner or owners of such lands."  Id. at 256.

6.      Attached as **Exhibit 3** is an excerpt from the 1741 Session Laws of New Jersey, containing an "Act to prevent the Killing of Deer out of Season, and against Carrying of Guns and Hunting by Persons not Qualified," dated 1722.  1741 N.J. Laws 101 "[I]f any Person or Persons shall presume, at any Time after the Publication hereof, to carry any Gun, or hunt on the improved or inclosed Lands in any Plantation, other than his own, unless he have License of Permission from the Owner of such Lands or Plantation."

7.      There was a lesser fin "if any person who is not [a large property owner qualified to vote for the New Jersey General Assembly] shall at any time after the Publication hereof, carry any Gun, or hunt in the Woods or unenclosed Lands, without License or Permission

obtained from the Owner or Owners of such Lands." Id.  If the fine was not paid, offending persons could have their property seized or be "committed to Prison." Id.

8.      Attached as **Exhibit 4** is an excerpt from the Laws of New-York From the Year 1691, to 1773 inclusive (Hugh Gaine, ed. 1774), containing an act establishing a "[p]entalty for entering with Fire-Arms into any inclosed land within this City or its Liberties." 2 Laws of New-York from The Year 1691, to 1773, inclusive, 441-42 (Hugh Gaine, ed. 1774).

9.      The 1763 New York criminal statute established that "if any Person or Persons whatsoever, other than the Owner, Proprietor, or Possessor, or his or her white Servant or Servants, do and shall . . . .carry, shoot, or discharge any Musket, Fowling-Piece, or other Fire-arm whatsoever, into, upon, or through any Orchard, Garden, Corn-Field, or other inclosed Land whatever, within the City of New-York, or the Liberties thereof, without License in Writing first had and obtained for that Purpose from such Owner, Proprietor, or Possessor . . ." Id.

10.     Attached as **Exhibit 5** is an excerpt from the 1771 Session Laws of New Jersey, containing a December 21, 1771 "Act for the Preservation of Deer and other Game, and to prevent trespassing with Guns."  1771 N.J. Laws 344

11.     The 1771 New Jersey law provided for penalties if any Person or Persons shall presume, at any Time after the Publication hereof, to carry any Gun on any Lands not his own, and for which the Owner pays Taxes, or is in his lawful Possession, unless he hath License or Permission in writing from the Owner or Owners or legal Possessor." Id.

12.     Attached as **Exhibit 6** is an excerpt from the 1865 Session Laws of Louisiana (Extra Session), containing "An Act To prevent the carrying of fire-arms on premises or plantations of any citizen, without the consent of the owner."  1865 La. Extra Acts 14-17.

13.     The 1865 Louisiana law forbade "any person or persons to carry fire-arms on the premises or plantations of any citizen, without the consent of the owner or proprietor, other than in lawful discharge of a civil or military order." Id.

14.     Attached as **Exhibit 7** is an excerpt from George Paschal, ed. <u>4 Digest of the Laws of Texas Containing the Laws in Force, and the Repaled Laws on Which Rights Rest, 1754 to 1875</u>, containing a November 6, 1866 "Act to Prohibit the Carrying of Firearms on Premises or Plantations of any Citizen Without the Consent of the Owner." George Paschal, ed., <u>4 Digest of the Laws of Texas Containing the Laws in Force, and the Repealed Laws on Which Rights Rest, from 1754 to 1875.</u>

15.     The 1866 Texas law provided that "[it] shall not be lawful for any person or persons to carry firearms on the inclosed premises or plantation of any citizen, without the consent of the owner or proprietor, other than in the lawful discharge of civil or military duty," with violations punished by fines or "imprisonment in the county jail." <u>Id.</u>

16.     Attached as **Exhibit 8** is an excerpt from the 1893 Session Laws of Oregon, containing a February 20, 1893 Act "To Prevent a Person from Trespassing upon any Enclosed Premises or Lands not His Own Being Armed with a Gun, Piston, or other Firearm, and to Prevent Shooting upon or from the Public Highway." 1893 Or. Laws 79

17.     The 1893 Oregon law provided that "[i]t shall be unlawful for any person, other than an officer on lawful business, being armed with a gun, pistol, or other firearm, to go or trespass upon any enclosed premises or lands without the consent of the owner or possessor thereof." <u>Id.</u>

18.     Attached as **Exhibit 9** is an excerpt from the 1869-70 Session Laws of Tennessee, containing "An Act to Amend the Criminal laws of the State." 1869-70 Tenn. Pub. Acts 23

19.     The 1869-70 Tennessee law is part of a significant body of statutory and case law prohibiting armed carriage on private property where the public gathers in large numbers. (e.g. "fair, race course, or other public assembly of the people")  <u>Id</u>.

20.     Attached as **Exhibit 10** is an excerpt from the 1870 Session Laws of Texas, containing "An Act Regulating the Right to Keep and Bear Arms."  1870 Tex. Gen. Laws 63

21.     The 1870 Texas law prohibited firearms at "a ball room, social party or other social gathering composed of ladies and gentlemen."  <u>Id</u>.

22.     Attached as **Exhibit 11** is an excerpt from the 1890 <u>Statutes of Oklahoma</u>, containing articles on "Concealed Weapons."  1890 Okla. Stat. 495-96

23.     The 1890 Oklahoma law prohibited firearms at "any circus, show or public exhibition of any kind, or into any ball room, or to any social party or social gathering."  <u>Id</u>.

*<u>Public Parks</u>*

24.     Attached as **Exhibit 12** is an excerpt from the 1861 Fourth Annual Report of the Board of Commissioners of the Central Park (Jan. 1861)

25.     The 1861 New York law mandates that when entering Central Park "All persons are forbidden . . . [t]o carry firearms." <u>Id</u>.

26.     Attached as **Exhibit 13** is an excerpt from the 1869 First Annual Report of the Commissioners of Fairmount Park, Philadelphia, Pennsylvania. Supplement § 21(II) (1869)

27.     The 1869 Pennsylvania state statute requires that "[n]o persons shall carry fire-arms, or shoot birds in the Park, or within fifty yards thereof." <u>Id</u>.

28.     Attached as **Exhibit 14** is an excerpt from the 1888 Rules and Regulations of the Public Parks and Grounds of the City of Saint Paul.

29.     The 1888 Minnesota law designates that "No person shall carry firearms or shoot birds in any Park or within fifty yards thereof."

30.     Attached as **Exhibit 15** is an excerpt from the 1895 Mich. Pub. Acts 596.

31.     The 1895 Michigan law requires that "No person shall fire or discharge any gun or pistol or carry firearms" within Detroit's Belle Isle Park."

32.     Attached as **Exhibit 16** is an ordinance stating that "[a]ll persons are forbidden to carry firearms… within any one of the public parks" in the City of Chicago, taken from The Municipal Code of Chicago (Egbert Jamison and Fracis Adams, eds, 1881).

33.     Attached as **Exhibit 17** is an ordinance forbidding anyone to "[c]arry or discharge firearms" in Liberty Park, taken from an 1888 edition of The Revised Ordinances of Salt Lake City.

34.     Attached as **Exhibit 18** is an ordinance forbidding anyone "[t]o carry firearms" within Tower Grove Park in St. Louis, taken from David H. MacAdam, Tower Grove Park of the City of St. Louis. (1883)

35.     Attached as **Exhibit 19** is a Pittsburg ordinance stating that "[n]o person shall be allowed to carry firearms… within the limits of the parks or within one hundred yards thereof," taken from W.W. Thomson, ed., A Digest of the Acts of Assembly Relating to, and the General Ordinances of the City of Pittsburgh From 1804 to Jan. 1, 1897. (2d ed 1897)

36.     Attached as **Exhibit 20** is an 1891 Williamsport, Pennsylvania law that required "No person shall carry fire-arms… within the Park." Laws and Ordinances for the Government of the Municipal Corporation of the City of Williamsport, Pennsylvania 141 (1891)

37.     Attached as **Exhibit 21** is an 1881 St. Louis, Missouri law that required "No person shall… use or have in his possession ready for use in any… park of the city of St. Louis… any

device that discharges a 'fragment, bolt, arrow, pellet, or other missile.'" <u>The Revised Ordinance of the City of St. Louis</u> (1881)

38.     Attached as **Exhibit 22** is an 1893 Wilmington, Delaware law that required "No person shall carry fire-arms… within the Park…" <u>The Charter of the City of Wilmington, Part VII, § 7</u> (1893)

39.     Attached as **Exhibit 23** is an 1897 Reading, Pennsylvania law that required "No person shall carry firearms, or shoot in the common, or within fifty yards thereof…" <u>A Digest of the Laws and Ordinances for the Government of the Municipal Corporation of the City of Reading, Pennsylvania</u>, 240 (1897)

40.     Attached as **Exhibit 24** is an 1899 Boulder, Colorado law that required "prohibiting the carrying of firearms into 'any of the parks belonging to the City of Boulder." <u>A Revised Ordinances of the City of Boulder</u>, 157 (1899)

41.     Attached as **Exhibit 25** is an 1903 Trenton, New Jersey law that required "No personal shall carry firearms… in said park or squares, or within fifty years thereof…"  <u>City of Trenton, New Jersey, Charter and Ordinances</u>, 390 (1903)

42.     Attached as **Exhibit 26** is an 1905 Chicago, Illinois law that required "All persons are forbidden to carry firearms… within any of the Parks… of the City." <u>Amendments to the Revised Municipal Code of Chicago of 1905 and New General Ordinances</u>, 40 (1905)

43.     Attached as **Exhibit 27** is an 1905 Minnesota law "prohibiting firearms withing parks or within 'one-half mile of the outer limits' of a park, unless the firearms is unloaded and has been sealed by the park commissioner." Minn. Laws 620, Ch. 344, § 53

44.     Attached as **Exhibit 28** is an 1906 Phoenixville, Arizona law that requires "No person shall carry fire-arms… therein [Reeves Park]." A Digest of the Ordinances of the Town Council of the Burough of Phoenixville, 135 (1906)

45.     Attached as **Exhibit 29** is an 1910 Staunton, Virginia law that mandates "All persons are forbidden… to carry firearms… within [the park]." The Code of the City of Staunton, Virginia, 115 (1910)

46.     Attached as **Exhibit 30** is an 1916 New York, New York law that requires "No personal shall, in any park… fire or carry any firearm." Ordinances, Rules and Regulations of the Department of Parks of the City of New York, 7 (1916)

47.     Attached as **Exhibit 31** is an 1917 Birmingham, Alabama law that requires ("No person shall carry firearms… within any of such public parks." The Code of the City of Birmingham, Alabama, 662 (1917)

48.     Attached as **Exhibit 32** is an 1917 Wisconsin law that required no person shall "have in his possession or under his control therein any gun or rifle [unless unloaded and stored] while in any "state park." 1917 Wis. Sess. Laws 1243-44, Ch. 668, § 3 (29.57)(4)

49.     Attached as **Exhibit 33** is an 1921 North Carolina law that prohibits the carrying of a firearm in any park… unless written permission had been obtained from the manager of said park. 1921 N.C. Sess. Laws 54, Pub. Laws Extra Sess., Ch. 6, § 3.

50.     Attached as **Exhibit 34** is "Firearms Regulations in the National Parks 1897-1936" excerpting historical firearms regulations in National Parks between 1897 and 1936.

51.     Firearms have been prohibited in many of our national parks from the time of their foundation.[1] Id.

---

[1] While some national parks existed prior to 1916 (e.g. first national park, Yellowstone, was

52.     Attached as **Exhibit 35** is an 1936 Federal Register prohibiting firearms in national parks and monuments "except upon written permission of the superintendent or custodian."  1 Fed. Reg. 668, 674 (June 27, 1936)

53.     Attached as **Exhibit 36** is an 1858 New York, New York law "ordain[ing] by the Commissioners of the Central Park [that] All persons are forbidden… to carry fire-arms… within it."  Excerpt from the <u>Fourth Annual Report of the Board of Commissioners of the Central Park</u>, dated January 1861.

54.     Attached as **Exhibit 37** is an 1868 Philadelphia, Pennsylvania law that requires that "no person shall carry firearms… in [Fairmount Park], or within fifty yards thereof."  Excerpt from the <u>First Annual Report of the Commissioners of Fairmont Park</u>, dated 1869.

55.     Attached as **Exhibit 38** is an 1875 Hyde Park, Illinois law that mandates "all persons are forbidden to carry fire arms… within [South Park]."  <u>Charter and General Laws of the Village of Hyde Park, South Park Ordinances</u>, 310 (1876).

56.     Attached as **Exhibit 39** is an 1881 Chicago, Illinois law that requires that "all persons are forbidden to carry firearms… within any one of the public parks."  <u>Municipal Code of Chicago</u>, 391-92 (1881).

57.     Attached as **Exhibit 40** is an 1883 Danville, Illinois law that requires that "whosoever shall carry any fire-arms into said parks… shall be fined not less than one dollar nor more than one hundred dollars, for each offense."  <u>Ordinances of the City of Danville</u>, 83 (1883).

---

established in 1872) the National Parks Service was not established until 1916. https://www.nps.gov/parkhistory/hisnps/npshistory/timeline_annotated.htm

58.     Attached as **Exhibit 41** is an 1891 Grand Rapids, Michigan law stating that "no person shall… carry any rifle, gun, or other fire arm of any kind within any park of the City of Grand Rapids." <u>Compiled Ordinance of the City of Grand Rapids</u>, 163 (1906).

59.     Attached as **Exhibit 42** is an 1891 Lynn, Massachusetts law that requires that "within the limits of Lynn Woods, except with the prior consent of the Board, it is forbidden… to… carry firearms." <u>Ordinance by Board of Park Commissioners of the City of Lynn</u>, 23.

60.     Attached as **Exhibit 43** is an 1891 Springfield, Massachusetts law that requires that "within the Public Parks, expect with prior consent of the Board, it is forbidden… to… carry firearms." <u>Park Ordinances</u>, § 3 (1891).

61.     Attached as **Exhibit 44** is an 1892 Peoria, Illinois law that requires that "all persons are forbidden to carry fire arms… within any of the public parks, public squares, or public grounds, within said city." <u>Laws and Ordinances of the City of Peoria</u>, 667-68 (1892).

62.     Attached as **Exhibit 45** is an 1892 Spokane, Washington law that requires that "all persons are forbidden to carry fire arms… within any one of the public parks or other public grounds of the city." <u>Municipal Code of City of Spokane</u>, 123 (1903).

63.     Attached as **Exhibit 46** is an 1893 Pittsburg, Pennsylvania law that requires that "no person shall be allowed to carry firearms… within the limits of the parks or within one hundred yards thereof. <u>Ordinances-Executive Departments</u>, 492 (1893).

64.     Attached as **Exhibit 47** is an 1894 St. Paul, Minnesota law that requires "no person shall carry firearms… in any park, or within fifty (50) yards thereof." <u>General Ordinances of the City of St. Paul</u>, § 680 (1895).

65.     Attached as **Exhibit 48** is an 1895 Canton, Illinois law that requires that "all persons are forbidden to carry firearms… within any one of these Public Parks." Revised Ordinances City of Canton, 240 (1895).

66.     Attached as **Exhibit 49** is an 1896 Indianapolis, Indiana law that requires that "no person shall… have possession of any fire-arm within the limits of any public park." General Ordinances of the City of Indianapolis, 648 (1904).

67.     Attached as **Exhibit 50** is an 1898 Wilmington, Delaware law that requires that "no person shall carry firearms… within the boundaries of the Park." Park Regulations, 28 (1898).

68.     Attached as **Exhibit 51** is an 1902 Hartford, Connecticut law that states "The Board of Park Commissioners… hereby make and ordain the following rules and regulations for the management of the parks owned by or under control of the city of Hartford. … It is forbidden… to… carry firearms." Municipal Register of the City of Hartford, 493 (1907).

69.     Attached as **Exhibit 52** is an 1902 New Bedford, Massachusetts law that states "within the public parks and commons of the city, except with prior consent of the Commissioners, all persons are hereby forbidden… to… carry firearms." Ninth Annual Report of the Department of Parks of the City of New Bedford, 74 (1902).

70.     Attached as **Exhibit 53** is an 1903 Lowell, Massachusetts law that states "within the Public Parks and Commons, except by and with the consent of the Board… it is forbidden to… carry firearms." First Annual Report of the Board of Park Commissioners of the City of Lowell, 58 (1904).

71.     Attached as **Exhibit 54** is an 1903 New York, New York law that states "no one shall… carry any firearm, fire cracker, torpedo or fire-works… within any of the parks,

parkways, squares or places in The City of New York under the jurisdiction of the Department of Parks without special permission from the Commissioner having jurisdiction."

72.     Attached as **Exhibit 55** is an 1903 Troy, New York law that requires "all persons are forbidden… to carry… firearms… in the parks." Municipal Ordinances of the City of Troy, 375 (1905).

73.     Attached as **Exhibit 56** is an 1904 Houston, Texas law that states that "it shall be unlawful for an person or persons within a public park and commons of this city to do any of the following acts, vis:… to discharge or carry firearms"; exception for "workman in the legitimate discharge of their respective duties." Revised Code of Ordinances of the City of Houston, 358 (1904).

74.     Attached as **Exhibit 57** is an 1904 Neigh, Nebraska law that states that "if any person shall carry… any firearm or gun of any description in any public park belonging to the city of Neligh, such person shall on conviction thereof, be fined in any sum not exceeding $25" Ordinances of the City of Neligh, Nebraska, 37 (1906).

75.     Attached as **Exhibit 58** is an 1904 Pueblo, Colorado law that states that "for the purpose of governing and regulating the use of the parks and of park property within the city of Pueblo, the following rules… are… adopted… 20. No person shall… carry firearms." Ordinances of the City of Pueblo, 386 (1908).

76.     Attached as **Exhibit 59** is an 1905 Harrisburg, Pennsylvania law that states that "no person shall commit any of the following acts within said park or parkways, without the previously obtained consent of the commission:… 8. Carry any… firearms… within reservoir park." Laws and Ordinances for the City of Harrisburg, 468 (1906).

77.     Attached as **Exhibit 60** is an 1905 Haverhill, Massachusetts law states that states that "it is forbidden… to… carry firearms… within the parks." <u>Rules and Regulations Governing the Public Parks within the City of Haverhill</u>, 12 (1905).

78.     Attached as **Exhibit 61** is an 1905 Saginaw, Michigan law that mandated "no person shall fire or discharge any gun or pistol, or carry firearms, or throw stones or other missiles within the park boulevards, nor shall any person fire, discharge or set off any rocket, cracker, torpedo, squib or other firework, or things containing any substance of any explosive character on said park or boulevard without the consent of said commissioners, and then only under such regulations as they shall prescribe. <u>Charter of the City of Saginaw, Michigan</u>, 171 (1905).

79.     Attached as **Exhibit 62** is an 1906 Denver, Colorado law that mandates that "all persons are forbidden… to carry… firearms… in the parks." <u>Municipal Code of the City and County of Denver</u>, 479 (1906).

80.     Attached as **Exhibit 63** is an 1906 Los Angeles, California law that states that "the rules and regulations hereinafter prescribed shall govern the public parks of the City of Los Angeles. … That within the limits of any said parks, it shall be unlawful for any person or persons to do any of the acts hereinafter specified, to-wit:… To carry… any fire arms,… or air gun or slingshot." <u>Penal Ordinances of the City of Los Angeles</u>, 42 (1921).

81.     Attached as **Exhibit 64** is an 1907 Olean, New York law that mandates "no person shall… carry any firearms in any park." <u>Ordinances of the City of Olean</u>, 26 (1922).

82.     Attached as **Exhibit 65** is an 1907 Seattle, Washington law that states that "it shall be unlawful… to carry any fire-arm in any park." <u>Ordinances of the City of Seattle</u>, 221 (1907).

83.    Attached as **Exhibit 66** is an 1909 Kansas City, Missouri law that states that "no person shall… carry fire-arms… within any park, boulevard, avenue, street, parkway, or driveway of this city under the control and supervision of the Board of Park Commissioners, except upon a permit first duly obtained or authority previously granted by said Board and subject to such rules and regulations as said Board may establish."  Charter and Revised Ordinances of Kansas City, 846 (1909)

84.    Attached as **Exhibit 67** is an 1909 Memphis, Tennessee law that states that "It shall be a misdemeanor… to commit the following acts… 13. To… carry any firearms… within any of the parks, parkways, squares or places without special permission from the Commissioners." A Digest of the Laws, Ordinances and Contracts of the City of Memphis, 13 (1909)

85.    Attached as **Exhibit 68** is an 1909 Paducah, Kentucky law that mandates that "no person shall… carry fire-arms… within any park, boulevard, avenue, street, parkway or driveway of this city under the control or supervision of the Board of Park Commissioners, except upon a permit first duly obtained or authority previously granted by said board, and subject to such rules and regulations as said board may establish." Constitution, Charter and Revisions of the Ordinances and Municipal Laws of the City of Paducah, 489 (1910)

86.    Attached as **Exhibit 69** is an 1911 Colorado Springs, Colorado law that states that "all persons are forbidden… to carry or discharge firearms… in the parks." The Code of Colorado Springs, 450 (1922)

87.    Attached as **Exhibit 70** is an 1912 New York, New York law that mandates that "no person shall, in any park:… Fire or carry any firearm." Code of Ordinances of the City of New York, 389 (1926)

88.     Attached as **Exhibit 71** is an 1912 Oakland, California law that mandates that "no person shall carry firearms… within the boundaries of the parks controlled by the Board of Park Directors." City of Oakland General Municipal Ordinances, 119 (1918).

89.     Attached as **Exhibit 72** is an 1914 Grand Rapids, Michigan law that states that "no person shall carry any rile, gun, or other fire-arm of any kind within the parks and playgrounds of the City of Grand Rapids." Compiled Ordinances of the City of Grand Rapids, 208 (1915).

90.     Attached as **Exhibit 73** is an 1914 New Haven, Connecticut law that states that "No person shall carry or have any firearms on any of said parks." Chapter and Ordinances of the City of New Haven, Conn., 438 (1914).

91.     Attached as **Exhibit 74** is an 1917 Joplin, Missouri law that states that "all persons are forbidden… to carry… firearms… in the parks." The Joplin Code, 552 (1917)

92.     Attached as **Exhibit 75** is an 1920 Salt Lake City, Utah law that states that "it shall be unlawful for any person to do… any of the acts hereinafter specified in any public park or play ground in Salt Lake City, or in any place… set aside or used as a public park or play ground, to wit:… 2. To carry… any firearms." Revised Ordinances of Salt Lake City, Utah, 474 (1920).

93.     Attached as **Exhibit 76** is a 1921 Burlington, Vermont law that states that "no person shall carry or have any firearms on any of said parks." Revised Ordinances of the City of Burlington, 1 (1921).

94.     Attached as **Exhibit 77** is a 1922 Chattanooga, Tennessee law that mandates "GENERAL REGULATIONS OF PUBLIC PARKS. … 516 … It shall be unlawful to… carry firearms." Digest of the Charter and Ordinances of the City of Chattanooga, 145 (1922).

95.     Attached as **Exhibit 78** is an 1922 Chicago, Illinois law that mandates that "all persons are forbidden to carry firearms… within any of the parks, public playgrounds, or bathing beaches of the city." <u>Parks, Playgrounds, Beaches, Street Planting</u>, 809 (1922).

*<u>Harris Hill State Forest</u>*

96.     Harris Hill is a State Forest is not a "public park" as defined by PL § 265.01e(2)(d).

97.     State Forests, like Harris Hill, are typically large acreages acquired for forest regeneration, watershed protection and development of forest products such as timber – along with kindred recreational purposes including, but not limited to, hunting.

98.     The State Forest enabling statute, Environmental Conservation Law § 9-0501, requires that these Forests "shall consist… of not less than five hundred acres of contiguous lands, which shall be forever devoted to the planning, growth and harvesting of such trees as shall be deemed by the commissioner best suited for the lands to be reforested." ECL § 9-0501(1).

99.     Harris Hill State Forest, specifically, encompasses 2,271 acres dedicated to timber protection, recreational use, watershed protection and wildlife.  <u>https://dec.ny.gov/places/harris-hill-state-forest</u>

100.    Carriage (or related activities like hunting or target shooting) is not prevented in State Forests.

101.    The ability to carry firearms is clear from the Harris Hill State Forest website, as the top featured activity suggested is hunting. <u>See</u> <u>https://dec.ny.gov/places/harris-hill-state-forest</u>.

*Shoreline Trial*

102.     Plaintiff fails to identify but alludes to certain parks which are bisected by the

Shoreline trail in its path between Tonawanda, New York and Buffalo New York.

103.     Though he fails to identify the specific parks along the Shoreline Trial,

observation of the path of the Shoreline Trial via https://empiretrail.ny.gov/buffalo-

rochester/buffalo-tonawanda identifies the following parks it bisects:

- Elliot Creek Park (https://www3.erie.gov/parks/ellicott-creek)
  - Nineteen (19) retable picnic shelters, two (2) rentable buildings, nine (9) children's playgrounds, tennis/pickleball courts, six (6) restroom facilities, soccer/football fields, cricket fields,  an eighteen (18) hole disc golf course, boat/kayak launch
- Niawanda Park[2] (https://www.tonawandacity.com/residents/parks.php)
  - Rentable banquet hall, band shell (concert venue), bathrooms, playground, picnic tables (850,000 people pass through a year per City of Tonawanda Parks, Niagara Greenway study)[3]
    - Veteran's Memorial Park (https://www.tonawanda.ny.us/youth-parks-recreation/veterans-memorial.html)
      - Six (6) rentable shelters, bathroom facilities, children's playgrounds, volleyball courts
  - Isle View Park (https://www3.erie.gov/parks/isle-view)
    - Rentable gazebo, overlook gazebo, two (2) children's playgrounds, picnic tables, boat launch
- Black Rock Canal Park (https://www3.erie.gov/parks/black-rock-canal)
  - Dog park, boat launch, pedestrian bridge
- Buffalo Harbor State Park (https://parks.ny.gov/parks/buffaloharbor/details.aspx)
  - Slip marina, boat launch, small watercraft launches, fish cleaning station, restrooms, pedestrian pier and boardwalk, children's playgrounds, two (2) covered pavilions

104.     Though Plaintiff offers no proof of visiting these parks bisected by the Shoreline

Trail each park has the earmarks of the "well-established and representative tradition of

regulating firearms in public forums and quintessentially crowded places, enduring from

medieval England to Reconstruction America and beyond"; "regulating firearms in often-

---

[2]     Niawanda Park abuts Veteran's Memorial Park and Isle View Park.  On observation, it would be fair to assume that these are a single contiguous park.
[3]     Comparatively, total US population in 1791 was 3.9 million.  So, about 22% of the entire US population in 1791 passes through this park each year.

crowded public forums is 'part of the immemorial custom' of this nation." <u>Antonyuk 89 F.4th</u> at 358-361.

105.    These parks bisected by the Shoreline Trial are the "communal" and "quintessential public spaces" embodied by urban parks identified in <u>Antonyuk 89 F.4th</u> at 362-63.

<u>Clarence Bike Path</u>

106.    Similar to the Shoreline Trail, Plaintiff fails to identify but alludes to certain parks which are bisected by the "Clarence Bike Path"… "which are actually two trails running from Amherst [New York] off of Transit Road and into Clarence." Christian Dec., 85:7-14.

107.    Those paths are colloquially known as the "Peanut Line" and the "West Shore Trial."  Attached hereto as **Exhibit 79** is a Map of the Clarence Bile Path(s).

108.    Along the Peanut Line, although Plaintiff fails to identify the specific parks along the Clarence Bike Path at issue, observation demonstrates that the Peanut Line only bisects a single park, Memorial Park[4], which contains children's playgrounds, nine (9) soccer fields, three (3) multipurpose fields, four (4) softball fields, four (4) baseball diamonds and restroom facilities.

109.    Along the West Shore Trial, although Plaintiff fails to identify the specific parks along the Clarence Bike Path at issue, observation demonstrates that the West Shore Line bisects only a single park, Main Street Town Park[5], which contains three (3) rentable pavilions with capacity for 410 individuals, office and maintenance buildings, community pool, a clubhouse, a

---

[4] https://www4.erie.gov/clarence/memorial-park
[5] https://www4.erie.gov/clarence/main-street-town-park

concert shell (audience capacity 1200), children's playgrounds, four (4) baseball diamonds, two (2) tennis courts, basketball courts, horseshoe pits, and volleyball courts.

110.    Though Plaintiff offers no proof of visiting these parks bisected by the lines of the Clarence Bike Path each park has the earmarks of the "well-established and representative tradition of regulating firearms in public forums and quintessentially crowded places, enduring from medieval England to Reconstruction America and beyond"; "regulating firearms in often-crowded public forums is 'part of the immemorial custom' of this nation." Antonyuk 89 F.4th at 358-361.

111.    These parks are the "communal" and "quintessential public spaces" embodied by urban parks identified in Antonyuk 89 F.4th at 362-63.

*Private Property Cont.*

112.    Attached as **Exhibit 80** is a 1865 Florida Law stating that "it shall not be lawful for any person to hunt or range with a gun within the enclosed land or premises of another without the permission of the owner, tenant, or person having control thereof."  1865 Fla. Laws 27.

113.    Attached as **Exhibit 81** is an excerpt from Volume I of Timothy Cunningham's 1765 New and Complete Law-Dictionary, containing the definition of "Land."

114.    Attached as **Exhibit 82** is an excerpt from Volume I of Noah Webster's 1828 American Dictionary of the English Language, containing the definition of "Improve."

115.    Attached as **Exhibit 83** is an excerpt from The Acts and Resolves, Public and Private, of the Province of Massachusetts Bay, containing a 1694 law discussing "all real estates, as houses, warehouses, mills, cranes, wharfs, tanyards, arable pasture and meadow ground, and all other lands inclosed or under improvement."

116.     Attached as **Exhibit 84** is an excerpt from Volume I of Noah Webster's 1828 American Dictionary of the English Language, containing the definitions of "Inclose," "Inclosed," and "Inclosure."

117.     Attached as **Exhibit 85** is an excerpt from the 1859 Ordinances of the Mayor, Aldermen and Commonalty of the City of New York containing a law stating that "[n]o tavern-keeper, keeper of a public house, garden or place of resort, nor any other person, shall suffer or permit any person to practice with or fire off any pistol, gun, fowling-piece or other fire-arms, in or upon his or her premises."

118.     Attached as **Exhibit 86** is an excerpt from Volume III of The Statutes at Large; Being a Collection of all the Laws of Virginia, From the First Section of the Legislature in the Year 1619 328 (William Waller Hening, ed. 1823), containing a law forbidding anyone to "shoot, hunt or range upon the lands and tenements . . . of any person or persons without lycense for the same, first obtained of the owner and proprietor thereof."

119.     Attached as **Exhibit 87** is an excerpt from Volume II of The Statutes of the State of Indiana (Edwin A. Davis, ed. 1876), prohibiting "hunting or shooting with any kind of firearm or firearms, on inclosed lands, without the consent of the owner or occupant thereof."

120.     Attached as **Exhibit 88** is an excerpt from The Public Statutes of the State of Rhode Island and Providence Plantations 252 (E.L. Freeman & Co. 1882) imposing liability on "[e]very person, not being at the time under military duty, who shall discharge any rifle . . . pistol or other small arms, except upon land owned or occupied by him or by permission of the owner or occupant of the land on or into which he may shoot . . ."

121.     Attached as **Exhibit 89** is an excerpt from the Acts of the State of Tennessee Passed by the First Session of the Thirty-Sixth General Assembly For the Years 1869-70

containing a law forbidding deadly weapons in any "fair, race course, or public assembly of the people."

122.     Attached as **Exhibit 90** is an excerpt from the <u>General Laws of the Twelfth Legislature of the State of Texas</u>, containing a law prohibiting guns and other weapons in a broad variety of locations, including "any school room or other place where persons assembled for educational, literary or scientific purposes," any "social party or other social gathering composed of ladies and gentlemen," and "any other place where people may be assembled to muster or to perform any other public duty, or any other public assembly."

123.     Attached as **Exhibit 91** is an excerpt from the <u>Acts and Resolutions of the General Assembly of the State of Georgia</u> containing an 1870 law prohibiting deadly weapons in locations including "any [] public gathering in this State."

124.     Attached as **Exhibit 92** is an excerpt from the <u>Laws of Missouri Passed at the Session of the Thirty-Second General Assembly</u> containing a law that prohibited deadly weapons in categories of places including "any [] public assemblage of persons met for any lawful purpose."

125.     Attached as **Exhibit 93** is an excerpt from the <u>Penal Code of [the] State of Idaho</u> that prohibited deadly weapons "within the limits or confines of any city, town or village or in any public assembly of the State of Idaho."

126.     Attached as **Exhibit 94** is an excerpt from the <u>Session Laws of the Fifteenth Legislative Assembly of the Territory of Arizona</u> prohibiting firearms in any "place where persons are assembled for amusement or for educational or scientific purposes," any "social party or social gathering," any "other place where people may be assembled to minister or to perform any other public duty," and "any other public assembly."

127.     Attached as **Exhibit 95** is an excerpt from <u>The Statutes of Oklahoma</u> containing a law that prohibited carrying weapons into places including any "public exhibition of any kind, . . or to any social party or social gathering . . . or to any other public assembly."

128.     Attached as **Exhibit 96** is an excerpt from Volume II of Noah Webster's 1828 <u>American Dictionary of the English Language</u>, containing the definition of "Range."

129.     Attached as **Exhibit 97** is an excerpt from <u>The Laws of Maryland</u> containing a 1728 statute providing that "every person that shall . . . presume upon any pretence whatsoever, to come to hunt with guns or dogs within any enclosed grounds, islands, peninsulas or necks . . . without leave or license from the proprietors thereof first had and obtained . . . shall . . . forfeit . . . the sum of two hundred pounds of tobacco."

130.     Attached as **Exhibit 98** is an excerpt from <u>The Acts of the State of Tennessee, Passed by the Thirty-Ninth General Assembly</u> containing a statute stating that "it shall be unlawful for any person in this State to hunt, trap, or net game of any kinds . . . on the land of another except by express permission of the owner or agent").

131.     Attached as **Exhibit 99** is an 1871 Illinois law forbidding "any person or persons to hunt with gun, dog, or net, within the inclosed grounds or lands of another, without first obtaining from the owner, agent, or occupant of such inclosed grounds or lands, his, her or their permission so to do."

132.     Attached as **Exhibit 100** is a true and accurate copy of experts from the Deposition of Brett Christian taken November 16, 2022.

Dated:  Buffalo, New York
        May 31, 2024

                                          /s/ Ryan L. Belka
                                          RYAN L. BELKA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRETT CHRISTIAN, FIREARMS POLICY COALITION,
INC., and  SECOND AMENDMENT FOUNDATION

                                          Plaintiffs,

                       v.

STEVEN G. JAMES, in his official capacity as
Superintendent of the New York State Police, and JOHN J.
FLYNN, in his official capacity as District Attorney for the
County of Erie,

                                    Defendants.

No. 22-cv-00695 (JLS)

## CERTIFICATE OF SERVICE

        I hereby certify that on May 31, 2024, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

Dated: Buffalo, New York
       May 31, 2024

LETITIA JAMES
Attorney General of the State of New York
Attorneys for Defendant James
BY:
*s/ Ryan L. Belka*
RYAN L. BELKA
JAMES M. THOMPSON
Assistant Attorney General,
of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
(716) 853-8440
Ryan.Belka@ag.ny.gov