

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES                                                                                                 DIVISION OF REGIONAL OFFICES
ATTORNEY GENERAL                                                                                            BUFFALO REGIONAL OFFICE

August 12, 2024

**Via ECF**
Hon. John L. Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York

Re: *Christian v. James,* No. 22-cv-00695;
 *Hardaway v. James*, No. 22-cv-00771;
 *Spencer v. James*, No. 22-cv-06486

Dear Judge Sinatra,

 This office represents defendant Steven G. James, in his official capacity as Acting Superintendent of the New York State Police. I write on behalf of the state defendant and plaintiffs in each of the above-captioned cases regarding the orders issued by the Second Circuit on August 7, 2024, which (i) recall the mandates, (ii) reinstate the appeals from this Court's prior preliminary injunction decisions, and (iii) request supplemental briefing on the effect of *U.S. v. Rahimi*, 144 S. Ct. 1889 (2024). The parties submit this letter to notify the Court of their positions on the August 7 orders and in response to this Court's order requesting a joint status report in *Christian* (Dkt. No. 84, Text Order, August 9, 2024).

 The parties believe the Second Circuit issued the August 7 orders in error when it issued similar orders in *Antonyuk v. James*, a related case in which the U.S. Supreme Court recently vacated the Second Circuit's judgment and remanded for further consideration in light of *Rahimi*. The Supreme Court did not, and could not, have ordered vacatur of the separate judgments entered in *Hardaway*, *Christian*, and *Spencer*, as no party petitioned for certiorari in these cases. Accordingly, the parties have filed a joint letter to the Second Circuit asking that the court vacate the August 7 orders and re-issue the mandates in these three cases. *See* Exhibit 1.

 As this Court is aware, the parties have settled *Hardaway*, are close to settling *Spencer*, and are briefing cross-motions for summary judgment in *Christian*.[1] The parties do not believe

---

[1] *See Hardaway v. James*, No. 22-cv-00771, Dkt. No. 88 (W.D.N.Y. Apr. 15, 2024); *Christian v. James*, No. 22-cv-00695, Dkt. No. 73 (W.D.N.Y. Mar. 1, 2024), Dkt. No. 77 (W.D.N.Y. May 31,

there is a present obstacle to this Court's exercise of jurisdiction over these cases. For the reasons outlined above, no supplemental briefing on the pending cross-motions in *Christian* is necessary.

In addition, the parties in *Hardaway* request that the Court enter final judgment discontinuing the action without prejudice, in accordance with the stipulation and order signed on April 15, 2024, as to all parties.

Respectfully Yours,

*/s/ Ryan L. Belka*

Ryan L. Belka
Assistant Attorney General
Buffalo Regional Office
Telephone:  (716) 853-8440

---

2024); *see also* Dkt. 72 (Jan. 25, 2024) (scheduling order on cross-motions); *Spencer v. James*, No. 22-cv-06486, Dkt. No. 78 (W.D.N.Y. Feb. 2, 2024).

# Ex. 1



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

August 12, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

         Re:    *Hardaway v. James* (No. 22-2933); *Christian v. James* (No. 22-2987); *Spencer v. James* (No. 22-3237)

Dear Ms. Wolfe:

      I write on behalf of defendant-appellant Steven G. James, in his official capacity as Superintendent of the New York State Police, and the plaintiffs-appellees in the above-captioned cases. On August 7, 2024, this Court issued orders in each of these cases (i) recalling the mandates, (ii) reinstating the appeals, and (iii) requesting supplemental briefing on the effect of *U.S. v. Rahimi*, 144 S. Ct. 1889 (2024). The parties write to advise the Court that these orders appear to have been entered in error and respectfully request that the mandates be re-issued in these three cases.

      On December 8, 2023, this Court issued a decision resolving the above-captioned appeals together with a fourth case, *Antonyuk v. Chiumento*. *See* 89 F.4th 271 (2024). Although the Court heard argument in tandem and resolved the cases in a single opinion, it entered separate judgments in each appeal. *See* Exhibits 1-4. While plaintiffs-appellees in *Antonyuk* petitioned for a writ of certiorari, none of the parties in *Hardaway*, *Christian*, or *Spencer* sought Supreme Court review. Upon remand to the district court, the parties (i) reached a settlement agreement in *Hardaway*, (ii) cross-moved for summary judgment in *Christian*, and (iii) are close to settlement in *Spencer*.[1]

---

[1] *See Hardaway v. Nigrelli*, No. 22-cv-00771, Dkt. No. 88 (W.D.N.Y. Apr. 15, 2024) (stipulation and order of dismissal); *Christian v. James*, No. 22-cv-00695, Dkt. No.

28 LIBERTY STREET, NEW YORK, NY 10005-1400 • PHONE (212) 416-8020 • FAX (212) 416-8962 *NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

On July 2, 2024, the U.S. Supreme Court granted the petition filed in *Antonyuk*, vacated this Court's judgment, and remanded for further consideration in light of *Rahimi*. *See Antonyuk v. James*, No. 23-910, 2024 WL 3259671 (July 2, 2024). On August 5, the Supreme Court issued its judgment, and on August 7, this Court entered orders recalling the mandates, reinstating the appeals, and requesting supplemental briefing not only in *Antonyuk*, but also in *Hardaway*, *Christian*, and *Spencer*.

The August 7 orders in *Hardaway*, *Christian*, and *Spencer* appear to have been entered in error. The Supreme Court did not, and could not, have ordered vacatur of the separate judgments entered in these cases because no party petitioned for certiorari. In any event, supplemental briefing would not be of assistance to the Court at this time because the appeals in *Hardaway* and *Spencer* were resolved on grounds other than the Second Amendment and therefore the Court's prior decision would not be affected by *Rahimi* with respect to these cases.[2] Moreover, the parties have executed a settlement agreement in *Hardaway*, and have reached a settlement agreement in principle in *Spencer*, with the only outstanding issue being fees. See *supra* at n.1. Finally, oral argument is scheduled in the pending cross-motions for summary judgment in *Christian*, see *id.*, so the district court will have an opportunity to address the effect of *Rahimi* in the first instance, and this Court will have the opportunity to review that decision on a robust summary judgment record.

Accordingly, the parties jointly request that the Court vacate the orders with respect to *Hardaway*, *Christian*, and *Spencer*, and re-issue the mandates in these three cases.

Respectfully submitted,

/s/ *Ester Murdukhayeva*

Ester Murdukhayeva
Deputy Solicitor General
(212) 416-6279

cc: Counsel of record (by ECF)

---

73 (W.D.N.Y. Mar. 1, 2024) (plaintiff's motion for summary judgment); Dkt. No. 77 (W.D.N.Y. May 31, 2024) (defendant's cross-motion for summary judgment); *see also* Dkt. 72 (Jan. 25, 2024) (setting oral argument on cross-motions for September 12, 2024); *Spencer v. James*, No. 22-cv-06486, Dkt. No. 78 (W.D.N.Y. Feb. 2, 2024) (minute entry describing status of settlement negotiations).

[2] *See Antonyuk*, 89 F.4th at 343-45 (vacating preliminary injunction in *Hardaway* on grounds of mootness); *id.* at 345-51 (affirming preliminary injunction in *Spencer* on First Amendment grounds and declining to reach "the other arguments raised by the Plaintiffs").

# Exhibit 1

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

     At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-three.

Before:        Dennis Jacobs,
                  Gerard E. Lynch,
                  Eunice C. Lee,
                          *Circuit Judges*.

_____

Ivan Antonyuk, Corey Johnson, Alfred Terrille, Joseph Mann, Leslie Leman, Lawrence Sloane,

                Plaintiffs - Appellees,

v.

Dominic L. Chiumento, in his Official Capacity as the Acting Superintendent of the NewYork State Police, Matthew J. Doran, in his Official Capacity as the Licensing Official of Onondaga County, Joseph Cecile, in his Official Capacity as the Chief of Police of Syracuse,

                Defendants - Appellants,

Kathleen Hochul, in her Official Capacity as the Governor of the State of New York, William Fitzpatrick, in his Official Capacity as the Onondaga County District Attorney, Eugene Conway, in his Official Capacity as the Sheriff of Onondaga County, P. David Soares, in his Official Capacity as the District Attorney of Albany County, Gregory Oakes, in his Official Capacity as the District Attorney of Oswego County, Don Hilton, in his Official Capacity as the Sheriff of Oswego County, Joseph Stanzione, in his Official Capacity as the District Attorney of Greene County,

                Defendants.

**JUDGMENT**

Docket Nos. 22-2908(L),
22-2972(CON)

_____

The appeals in the above captioned case from an order and preliminary injunction of the United States District Court for the Northern District of New York were argued on the district court's record and the parties' briefs.

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the injunction is AFFIRMED and MODIFIED to conform to that issued in *Christian* and REMANDED as to § 265.01-d with respect to private property not open to the public for further merits analysis consistent with this Court's opinion.

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court

# Exhibit 2

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-three.

Before:      Dennis Jacobs,
                  Gerard E. Lynch,
                  Eunice C. Lee,
                      *Circuit Judges*.

_____

Jimmie Hardaway, Jr., Larry A. Boyd, Firearms Policy Coalition, Inc., Second Amendment Foundation, Inc.,

     Plaintiffs - Appellees,

v.

Dominic L. Chiumento, in his official capacity as the Acting Superintendent of the New York State Police,

     Defendant - Appellant,

v.

Brian D. Seaman, in his official capacity as District Attorney for the County of Niagara, New York, John J. Flynn, in his official capacity as District Attorney for the County of Erie, New York,

     Defendants-Appellees.
_____

**JUDGMENT**

Docket No. 22-2933

The appeal in the above captioned case from an order of the United States District Court for the Western District of New York was argued on the district court's record and the parties' briefs.

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the injunction against enforcement of § 265-01-(e)(2) is VACATED.

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court



# Exhibit 3

Case 1:22-cv-00695-JLS Document 85-2 Filed 08/12/24 Page 11 of 16

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

     At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-three.

Before:        Dennis Jacobs,
                  Gerard E. Lynch,
                  Eunice C. Lee,
                        *Circuit Judges*.

_____

Brett Christian, Firearms Policy Coalition, Inc., Second Amendment Foundation, Inc.,

        Plaintiffs - Appellees,

John Brown,

        Plaintiff,

v.

Dominic L. Chiumento, in his official capacity as the Acting Superintendent of the New York State Police,

        Defendant - Appellant,

v.

John J. Flynn, in his official capacity as District Attorney for the County of Erie, New York,

        Defendant-Appellee.
_____

**JUDGMENT**

Docket No. 22-2987

     The appeal in the above captioned case from an order of the United States District Court for the Western District of New York was argued on the district court's record and the parties' briefs.

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the preliminary injunction enjoining enforcement of § 265.01-d with respect to private property open to the public is AFFIRMED.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

# Exhibit 4

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

  At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-three.

Before:  Dennis Jacobs,
     Gerard E. Lynch,
     Eunice C. Lee,
      *Circuit Judges*.
_____

Michael Spencer, His Tabernacle Family Church, Inc.,

   Plaintiffs - Appellees,

v.                 **JUDGMENT**

Dominic L. Chiumento, in his official capacity as  Docket No. 22-3237
the Acting Superintendent of the New York State
Police,

   Defendant - Appellant,

Weeden A. Wetmore, District Attorney for the County of Chemung, New York, in his official and individual capacities, Matthew Van Houten, District Attorney for the County of Tompkins, New York, in his official and individual capacities,

   Defendants.
_____

  The appeal in the above captioned case from an order of the United States District Court for the Western District of New York was argued on the district court's record and the parties' briefs.

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the district court's preliminary injunction is AFFIRMED.

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court