UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____



BRETT CHRISTIAN,
FIREARMS POLICY COALITION,
INC., and SECOND AMENDMENT
FOUNDATION,

        Plaintiffs,

    v.

STEVEN G. JAMES, in his official
capacity as Superintendent of the New
York State Police, and MICHAEL J.
KEANE, in his official capacity as
District Attorney for the County of Erie,
New York,

        Defendants.
_____

22-CV-695 (JLS)

## DECISION AND ORDER

In this Court's prior decision addressing the parties' cross motions for summary judgment (Dkt. 73, 77), the Court granted Plaintiffs' [73] motion with respect to the State's restriction on private property open to the public and denied Defendants' [77] motion as to this issue. *See* Dkt. 98 at 42.[1] The Court reserved the parks issue—the remainder of the cross motions—which the Court decides today.[2]

---

[1] Unless otherwise noted, page references refer to the CM/ECF numbering in the header of each page.

[2] *See id.* at 43 (". . . the remaining aspects of the parties' motions at Dkt. 73 and Dkt. 77—including as to the public parks restriction (N.Y. Penal L. § 265.01-e(2)(d)—are held in abeyance pending further order from this Court . . . .").

Based on the record and arguments in this case, the right to keep and bear arms enshrined in the Second Amendment would require this Court—as counseled by the Supreme Court's Second Amendment decisions—to declare the parks issue in Plaintiffs' favor.[3]

But the Court must also account—and does so respectfully—for the Second Circuit's extensive consideration of the parks issue—in the preliminary injunction posture and on a slightly different record—in *Antonyuk*. *See Antonyuk*, 120 F.4th at 1015-27. The Circuit's consideration of the parks issue in *Antonyuk*, instead, requires that Plaintiffs' motion be denied as to the parks issue and Defendants' corresponding cross motion be granted. The parties' competing arguments—on this record and in this posture—may proceed to that Court for its further examination.[4]

In *Antonyuk*, the Second Circuit rejected the plaintiffs' facial challenge on the parks issue, but recognized a potential distinction between urban and rural parks—

---

[3] *Cf. Christian v. Nigrelli*, 642 F. Supp. 3d 393 (W.D.N.Y. 2022), aff'd sub nom. *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), cert. granted, judgment vacated sub nom. *Antonyuk v. James*, 144 S. Ct. 2709 (2024), and reinstated in part by *Antonyuk v. James*, 120 F.4th 941 (2d Cir. 2024); *Christian v. James*, No. 22-CV-695 (JLS), 2024 WL 4458385 (W.D.N.Y. Oct. 10, 2024); *Spencer v. Nigrelli*, 648 F. Supp. 3d 451 (W.D.N.Y. 2022), aff'd sub nom. *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), cert. granted, judgment vacated sub nom. *Antonyuk v. James*, 144 S. Ct. 2709 (2024), and reinstated in part by *Antonyuk v. James*, 120 F.4th 941 (2d Cir. 2024); *Hardaway v. Nigrelli*, 639 F. Supp. 3d 422 (W.D.N.Y. 2022), aff'd in part, vacated in part, remanded sub nom. *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), cert. granted, judgment vacated sub nom. *Antonyuk v. James*, 144 S. Ct. 2709 (2024), and reinstated in part by *Antonyuk v. James*, 120 F.4th 941 (2d Cir. 2024).

[4] As far as this Court is aware, at this time, no *Antonyuk* party has filed a petition for certiorari.

to be decided, presumably, on an as-applied challenge. *See id.* at 1019, 1025-26. Plaintiffs here may press that distinction further on appeal.

This Court recognizes the apparent tension on this as-applied/facial point *vis a vis* the Circuit's resolution of the Statute's private property provision—a result perhaps dictated by the way the issue had been presented to that Court. *See id.* at 1045 n.120, 1048, 1048 n.124. That tension, too (if it exists), is best presented to the Second Circuit for its resolution. As *Antonyuk* is written, however, this Court is bound.

For all of these reasons, the balance of Plaintiffs' [73] summary judgment motion (as to parks) is DENIED and Defendants' [77] corresponding cross motion is GRANTED.

Within 14 days, the parties shall submit a status report addressing what, if anything, remains in this case and what the next steps in this Court ought to be.

SO ORDERED.

Dated:   January 8, 2025
         Buffalo, New York

 

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE