# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

David H. Thompson
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601


August 14, 2026

**Via Electronic Filing**

The Honorable John L. Sinatra, Jr.
United States District Judge
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York

**Re: *Christian v. James*, No. 22-cv-00695.**

Dear Judge Sinatra,

Below is a joint letter providing a status update and outlining the parties' differing views on how to proceed. As a reminder of where things currently stand in this case, Plaintiffs brought challenges to New York's bans on (1) carrying firearms on private property open to the public absent the owner's permission, (2) carrying firearms in public parks, and (3) carrying firearms on public transit.

This Court granted summary judgment to Plaintiffs on the first issue, and to the State on the second. The Second Circuit recently affirmed both of those decisions. *See Christian v. James*, 176 F.4th 189 (2d Cir. 2026). Following the Supreme Court's recent decision in *Wolford v. Lopez*, 602 U.S. ----, 2026 WL 1825723 (June 25, 2026), the unconstitutionality of the private property provision is now settled. Plaintiffs' anticipate petitioning for certiorari regarding the ban on carrying in public parks before the deadline of September 16, 2026.

As noted above, the parties have differing views on how to proceed with Plaintiffs' third claim regarding carrying firearms on public transit. The Erie County Defendant joins the State's proposal below.

**Plaintiffs:**

The third claim, relating to carrying firearms on public transit, was stayed pending litigation in *Frey v. Bruen*, No. 23-365 (2d. Cir.), which included a similar

claim. Since Plaintiffs' most recent letter on this topic, *see* Doc. 114 (Oct. 29, 2025), the plaintiffs declined to seek certiorari in *Frey* and the Supreme Court declined to grant certiorari in another case raising the constitutionality of bans on firearms on public transit. The *Frey* plaintiffs have now agreed to a stipulated dismissal of their claims. *See* Stipulation of Voluntary Dismissal Pursuant to FRCP 41(a)(1)(A)(ii), *Frey v. New York City*, No. 7:21-cv-5334 (S.D.N.Y. July 7, 2026), Doc. 119. In light of that development, Plaintiffs respectfully submit that it is appropriate for this Court to lift the stay on this case and to require the parties to set a briefing schedule for dispositive motions regarding the public transit claim.

**State Defendant:**

Superintendent James respectfully maintains that the current stay of proceedings should remain in effect pending the Petitioner's pursuit of a writ of certiorari regarding the parks issue. Because the Supreme Court's potential review of this issue could fundamentally alter the scope of the litigation, provide additional direction on sensitive places, and/or render certain claims moot, proceeding with the case at this juncture would risk a significant waste of judicial and party resources. Once the parks issue is definitively resolved or not by the high court, if the public transport claim remains viable, Superintendent James proposes that the stay be lifted for an abbreviated fact and expert discovery period of six months. This focused timeframe will provide the parties with an opportunity to exchange necessary information and hire experts prior to the filing of dispositive motions.

Sincerely,

s/ David H. Thompson
David H. Thompson
COOPER & KIRK PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
dthompson@cooperkirk.com
Tel: (202) 220-9600
Fax: (202) 220-9601
*Attorney for Plaintiffs*

Attorney General
State of New York
s/ Ryan L. Belka

RYAN L. BELKA
JAMES M. THOMPSON
Assistant Attorneys General
350 Main Place, Suite 300A
Buffalo, NY 14202
(716) 853-8440
Ryan.Belka@ag.ny.gov

cc: All counsel via CM/ECF